**Walter E. MITCHELL**

v.

**RKO RHODE ISLAND CORPORA-
TION et al.**

**Civ. A. No. 52–1156.**

United States District Court
D. Massachusetts.

Dec. 12, 1956.

George S. Ryan, Boston, Mass., for plaintiff.

Nutter McClennen & Fish, Boston, Mass., for defendant Republic Pictures.

Collins & Collins, Boston, Mass., for RKO Rhode Island Corp.

Singer, Stoneman & Kurland, Boston, Mass., for Interstate Theatres Corp. & Milford Realty Corp.

Arthur E. Whittemore, Robert Meserve, Nutter, McClennen & Fish, Boston, Mass., for Republic Pictures, N. E. Theatres, Inc., Paramount Film Dist., Loew's, Inc., 20th Cent. Fox, Warner Bros., RKO Radio Pictures, United Artists, Universal Film, Columbia Pictures.

FORD, District Judge.

### Motions for Leave to File Supplemental Complaints.

Plaintiff moves for leave to file supplemental complaints in which he seeks to allege further violations by defendants of the anti-trust laws, similar to those set forth in the original complaint, and occurring subsequent to the filing of that complaint.

■ Normally such a supplemental complaint should be allowed where it serves to expedite justice by enabling the court to dispose of a whole controversy in one action rather than in two. In the present case, however, there are serious countervailing considerations.

■■ The first factor to be considered is the operation of the statute of limitations. The violations set forth in the supplemental complaints would be governed by the two-year Massachusetts statute of limitations effective as to causes of action arising after January 1, 1950. The allegations of a supplemental complaint do not date back, as do those of an amendment, to the date of the original complaint. Hence, whether the two-year period of limitations is to be reckoned from the date when the court allows the supplemental complaint to be filed (defendants' contention) or from the date of plaintiff's motion for leave to file (plaintiff's contention) there would still be a period between the date of the original complaint and the beginning of the two-year period for which plaintiff could not recover. Although what plaintiff purports to set out is a continuous course of conduct in violation of the statute, yet at the trial it would have to be con-

sidered as occurring in two separate periods separated by an interval characterized by a similar course of conduct for which there could be no recovery. This presents a serious complication where, as here, a jury must be instructed as to these distinctions in a case which is already a complicated one.

There is the further consideration that between the periods covered by the original and supplemental complaints there have been changes in the corporate identity and the nature of the business of certain of the defendants, due in large part to the decrees in United States v. Paramount Pictures, D.C., 85 F.Supp. 681. Moreover, there have been changes in industry practice, as admitted by the proposed supplemental complaints, which state that allegations of certain of the practices alleged in the original complaint are not repeated in the supplemental complaints. This would increase the difficulty of trying both the original and supplemental proceedings in a single proceeding. Any advantage which might normally be gained by disposing of this whole controversy in a single trial would be outweighed by the difficulties which would be involved.

The motions for leave to file supplemental complaints are denied.

### Motions of Defendants to Strike Count 2.

■ These motions are based on defendants' contention that Count 2 is merely a repetition of Count 1. Although the wording of the two counts is very much alike, plaintiff asserts that he intends to plead two distinct conspiracies. To clarify the pleadings, the motions to strike will be allowed unless within thirty days plaintiff amends Count 2 by adding a statement that it is brought for a cause of action distinct from that set forth in Count 1.

### Motion of Defendants to File Late Motion to Strike Count 3 and to Strike Count 3.

■ Count 3 in substance is a single statement that each of the defendants

has entered into contracts in restraint of trade. Plaintiff now asserts that it is meant to allege, not a conspiracy, but separate violations by the individual defendants. Since it appears that this interpretation of this and similar counts in other cases pending in this court has only recently been advanced, the motion for late filing of the motion to strike is allowed.

■ If, as plaintiff now asserts, the violations of the anti-trust laws are charged against the defendants severally, and not jointly, Count 3 does not conform to the requirement of Rule 10(b), Fed.Rules Civ.Proc. 28 U.S.C.A., that separate claims should be separately stated. The motion to strike Count 3 is allowed, with leave to plaintiff to amend his complaint to set forth his claims against each defendant in a separate count.

Motions of Defendants RKO Rhode Island Corporation, Interstate Theatres Corporation, and Milford Realty Corporation for Separate Statements.

■ These three defendants are all exhibitors of motion pictures while most of the defendants are or were engaged in producing and distributing motion pictures as well as exhibiting them. The complaint makes specific charges of certain practices by the distributors. It says nothing as to any specific acts charged to the exhibitors, who appear to be included only in certain paragraphs charging all the defendants with conspiracy to violate the anti-trust laws. These general charges of large scale conspiracy involving producers and distributors doing business on a nation-wide basis are not sufficient to inform these local exhibitor defendants of the charges against them. In order to plead to the complaint, they should be told more specifically what their part in the conspiracy is alleged to be.

The motions of these defendants for separate statements are allowed.