**TRIANGLE INDUSTRIES, INC., et al., Plaintiffs,**

v.

**KENNECOTT COPPER CORPORATION et al., Defendants.**

**READING INDUSTRIES, INC., et al., Plaintiffs,**

v.

**KENNECOTT COPPER CORPORATION et al., Defendants.**

**Nos. 71 Civ. 1737, 71 Civ. 1736.**

United States District Court, S. D. New York.

Oct. 20, 1975.

---

6. Stipulation, Exhibits "A" and "E".

Harold E. Kohn, P. A., Philadelphia, Pa., for plaintiffs; H. Kenneth Kudon, Philadelphia, Pa., of counsel.

Sullivan & Cromwell, New York City, for defendants Kennecott Copper Corp. and Chase Brass & Copper Co., Inc.; Michael A. Cooper, New York City, of counsel.

Chadbourne, Parker, Whiteside & Wolff, New York City, for defendants The Anaconda Co., Anaconda American Brass Co. and Anaconda Wire and Cable Co.; Zachary Shimer, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants Phelps Dodge Corp. and Phelps Dodge Industries, Inc.; Andrew C. Hartzell, Jr., New York City, of counsel.

Alexander & Green, New York City, for defendant Cerro Corp.; David S. Pennock, New York City, of counsel.

LASKER, District Judge.

Plaintiffs jointly move to file and serve amended and supplemental complaints. We treat below each proposed item of amendment or supplementation.

1. The amendment to specify that "Each of the defendants transacts business and is found in the Southern District of New York" is granted. While the defendants describe the amendment as "useless paper work since the point is undisputed," it is not seriously opposed and there is no reason to deny the application.

2. The motion to delete references to American Smelting and Refining Company (Asarco) because both cases against Asarco have been settled and dismissed is granted. The defendants' opposition to an item which appears harmless on its face is apparently based on the desire to convey to the jury that

the plaintiffs have abandoned serious accusations against one defendant, and thereby to raise an inference that the accusations against the remaining defendants are without merit. Such a reference to the settlement, if intended, would not only be irrelevant but inadmissible in the light of the policy of the courts to encourage settlements. *Hawthorne v. Eckerson Co.*, 77 F.2d 844 (2d Cir. 1935).

3. Items 3, 4, 5 and 6 which seek to amend by alleging (1) that defendants have maintained producer prices of copper wire bar, etc., at artificial levels, (¶ 23(a) Triangle and ¶ 21(a) Reading Amended Complaints), (2) that defendants have entered into reciprocal purchase agreements with certain purchaser-suppliers which have resulted in foreclosing plaintiffs from the custom of certain companies and (3) that since 1964, the LME price has been generally substantially higher than the domestic price, are denied.

It is true, of course, as the Supreme Court has stated, that:

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U. S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962).

The phrase "when justice so requires" is the key to the question raised here. Specifically, this aspect of the motion raises the question whether amendments (and supplementation) of the complaint would not add to the complications of an already over-complicated case to the extent that no jury could reasonably be expected to assimilate the facts or render an intelligent or just verdict.

The fact that the plaintiffs can in any event file a new complaint and move to consolidate the new and present complaints is not dispositive, since the decision whether to allow consolidation would be based on the same criteria employed to determine the wisdom of allowing the proposed amendments.

The complexity of the case has already been the subject of this Court's analysis in connection with the granting in part of defendants' earlier motion to sever. *Reading Industries, Inc. v. Kennecott Copper Corporation*, 61 F.R.D. 662. There it was observed that:

"[W]e can hardly imagine a case more likely to generate confusion in the minds of a jury. To expect a jury to assimilate the economic and historical condition of an entire industry, keeping separate the conspiracy claims from the non-conspiracy claims, bearing in mind the relevant markets for myriad products at different points in time, and to understand what would inevitably be an enormously complex charge at the end of trial is to expect too much. In our view, such a trial would carry with it an inherent likelihood of prejudice."

Counsel for defendants have vigorously suggested that "the move towards clarity which began by severing the Section 7 count will be reversed" in the event that the present motion is granted. We are constrained to agree.

These two cases which are already exceptionally complex, would assume truly monstrous dimensions if items 3, 4, 5 and 6 of the presently proposed amendments were added to the ripe melange.[1]

---

1. As indicated above one of the proposed amendments seeks to plead that various defendants entered into reciprocal agreements with third parties which, it is claimed, foreclosed plaintiffs from the custom of the third parties. The court's earlier authorization of discovery on "reciprocity" agreements does not, as plaintiffs seem to believe, automatically justify amending the complaint to include the subject. Those defendants who embarked on such agreements appear to have done so independently of other defendants, a fact which appears inconsistent with the charge of conspiracy to which plaintiffs claim the reciprocity material relates. Of course, if at trial it is established that any of the agreements was entered into in furtherance of the conspiracy, evidence on the subject would be admissible subject to the Federal Rules.

These considerations apply with equal force to plaintiffs' motion to supplement the complaints by alleging that the conspiracy has continued to date and by enlarging their damage claims accordingly. Here, as in *Mitchell v. RKO Rhode Island Corp.*, "any advantage which might normally be gained by disposing of this whole controversy in a single trial would be outweighed by the difficulties which would be involved." 148 F.Supp. 245, 247 (D.Mass.1956).

The motion to substitute the name Triangle PWC Inc. for Triangle Conduit & Cable Co., Inc. is granted.

The motion is granted to the extent indicated and otherwise denied.

It is so ordered.