This Government contract case is before the court on defendant’s motion for summary judgment. Defendant argues that this court has no jurisdiction over the case because plaintiff failed to exhaust its administrative remedies. Plaintiff counters that the Contract Disputes Act of 1978 is applicable to this case, and entitles plaintiff to bypass the Engineer Board of Contract Appeals to bring a direct appeal to this court. We agree with defendant and hold that the Contract Disputes Act does not apply to this case and that plaintiff has failed to exhaust its administrative remedies.
On December 19, 1975, plaintiff contracted with the Department of the Army Corps of Engineers to enlarge a canal and construct three flood control structures in Dade County, Florida. Defendant assessed plaintiff $40,239 in *851 liquidated damages. The contracting officer upheld defendant’s assessment in a final decision dated January 8, 1979. In this suit, plaintiff seeks to recover the $40,239 administratively withheld.[1]
Plaintiff alleges that this court has jurisdiction over the case under the Contract Disputes Act of 1978, Pub. L. No. 95-563, § 10(a)(1), 92 Stat. 2383 (1978), which provides that—
* * * in lieu of appealing the decision of the contracting officer under section 6 to an agency board, a contractor may bring an action directly on the claim in the United States Court of Claims * * *
However, this section does not apply to all Government contracts. Section 16 of the Act provides:
This Act shall apply to contracts entered into one hundred twenty days after the date of enactment. Notwithstanding any provision in a contract made before the effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.
The Act was enacted on November 1, 1978, almost three years after the parties entered into the contract at issue. The contracting officer rendered his final decision on plaintiffs claim disputing the assessment of liquidated damages two months before the Act’s effective date of March 1, 1979. Since the contracting officer rendered his final decision before the effective date of the Act, the claim at issue was not pending before him on the date the Act became effective nor was it initiated thereafter. By the very language of section 16, the Act is not applicable to plaintiffs claim. Therefore, plaintiff must exhaust its administrative remedies by proceeding with its case before the Engineer Board of Contract Appeals before this court may exercise its Tucker Act jurisdiction over the case. Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 427 F. 2d 735 (1970).
Plaintiff argues, however, that its claim was pending before the contracting officer as of the effective date of the *852 Act because the contract was not then complete in that the final requisition had not been filed. Plaintiff contends that until the filing of the final requisition, the exact amount of liquidated damages will not be known. According to plaintiff, as long as the final requisition has not been filed, the claim is pending before the contracting officer.
Plaintiffs argument is without merit. The fact that the final requisition has not yet been filed is irrelevant to the question of whether plaintiffs claim for recovery of assessed liquidated damages was pending before the contracting officer on March 1, 1979. That claim, which is the one presently before this court, was the subject of the contracting officer’s final decision of January 8, 1979. Plaintiff appealed the decision to the Secretary of the Army on January 31, 1979, but has not pursued it before the Engineer Board other than to file a complaint thereon May 7, 1979. The claim was not pending before the contracting officer on March 1, 1979. We therefore have no jurisdiction over plaintiffs claim under the Contract Disputes Act. The Tucker Act does not grant us jurisdiction until plaintiff has exhausted its administrative remedies. The petition must be dismissed, without prejudice, as premature. Zidell Explorations, Inc. v. United States, supra.
it is therefore ordered, upon consideration of the briefs, but without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed without prejudice.

 On January 31, 1979, plaintiff appealed the contracting officer’s decision to the Secretary of the Army. In a letter dated March 2,1979, plaintiff was notified that its appeal had been received and assigned a docket number by the Engineer Board.