**LePECK CONSTRUCTION CORP., For Its Own Use And For The Use of Bafill Construction Corp. and Williamsburg Steel Products Co.**

v.

**The UNITED STATES.**

No. 433–82C.

United States Claims Court.

May 11, 1983.

---

Brian Michael Seltzer, Mineola, N.Y., for plaintiff. Suozzi, English & Cianciulli, Mineola, N.Y., of counsel.

Jane W. Vanneman, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

WOOD, Judge:

In this action, filed August 30, 1982, plaintiff sues to recover $1,439,159.00, representing increased costs alleged to be due and owing in consequence of governmental delays during the performance of a 1977 contract (Contract No. GS–02B–17,187, hereinafter Contract 17,187) between plaintiff and defendant.

Defendant has moved for summary judgment dismissing the complaint, asserting that the action is (a) barred by plaintiff's failure to file suit within twelve months following its receipt of a written decision from the contracting officer on the "delay" claim herein and the statute of limitations contained in section 10(a)(3) of the Contract Disputes Act of 1978, Pub.L. 95–563, 92 Stat. 2388, 41 U.S.C. § 609(a)(3) (Supp. V 1981) [1], and (b) that plaintiff is precluded from obtaining judicial review of the contracting officer's decision denying that claim by its failure to exhaust administrative remedies.

Plaintiff's "objections and responses" to defendant's motion do not dispute the facts (hereinafter stated) on which that motion rests. Nor does plaintiff directly challenge the government's argument that prosecution of this action—at least as a separate one—is barred by limitations. Plaintiff's position appears to be, rather, that "all of the counts and claims" here presented, even "if technically time barred as a 'separate' action, can and should be treated as an amended or supplemental pleading to * * *" the complaint in *LePeck Construction Co. v. United States,* Docket No. 325–80C.[2] Plaintiff has accordingly filed herein what it terms a "cross-motion to amend" the complaint in Docket No. 325–80C.

Sections 10(a)(1) and (3) of the 1978 act, *supra,* 41 U.S.C. §§ 609(a)(1) and (3), provide in pertinent part as follows [3]:

(a)(1) * * * in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action

---

1. Hereinafter "the 1978 act." Relevant portions of the 1978 act will be quoted hereinbelow.

2. That action, filed in June 1980, and assigned to Judge John P. Wiese, was tried before Judge Wiese in New York City in February 1983, and is currently in the briefing stage.

3. The 1978 act applies to all contracts entered into after March 1, 1979. Where (as here) a contract was entered into prior to March 1, 1979, however, the contractor may, "notwithstanding any provision in * * *" that contract, "elect to proceed under this Act with respect to any claim pending * * * before the contracting officer [on the effective date of the act] or initiated thereafter." Section 16, Pub.L. 95–563, 92 Stat. 2391, 41 U.S.C. § 601, note (Supp. V 1981). *See Essex Electro Engineers, Inc. v. United States,* 702 F.2d 998 (Fed.Cir.1983), 1 FPD ¶ 79 p. 12; *Monroe M. Tapper & Associates v. United States,* 222 Ct.Cl. 34, 611 F.2d 354 (1979).

on the claim in the United States Court of Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.[4]

\* \* \* \* \* \*

(3) Any action under paragraph (1) \* \* shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim \* \* \*.

As of 1977, "General Provisions (Standard Form 23–A)" for fixed price government construction contracts included a "Disputes" clause providing in substance that a contracting officer's decision on any question within the scope of the said clause "shall be final and conclusive unless, within 30 days from the date of receipt of [a copy of such decision] the Contractor \* \* \* " appeals in writing to the head of the agency involved or his duly authorized representative. 41 C.F.R. § 1–7.602–6 (1977). That standard clause was included in Contract 17,187. Pursuant to Section 7 of the 1978 act, 92 Stat. 2385, 41 U.S.C. § 606 (Supp. V 1981), however, plaintiff was entitled, upon electing to proceed with its delay claim under the 1978 act, to a longer (90-day) period within which to appeal in writing to the head of the agency involved.[5]

## II

In pertinent substance, Contract 17,187, executed September 8, 1977, provided that plaintiff would perform certain "New Construction-Masonry Work" for the government (acting through the General Services Administration) at the Federal Correctional Institution for Adults (FCI), Otisville, New York, for a contract price of $3,734,000.00.[6] Plaintiff thereafter entered into a subcontract with Bafill Construction Corporation for the performance of portions of the masonry work, and into a subcontract with Williamsburg Steel Products Company for the performance of certain hollow metal (and other) work, required of plaintiff pursuant to the terms of Contract 17,187.

During performance of Contract 17,187, two separate "claims" arose. According to the complaint in Docket No. 433–82C, the claims asserted herein, called "the 'delay' (and 'coordination') claims," allegedly arose between September 29, 1977, and March 29, 1978; elsewhere, however, plaintiff asserts that the "delay" claims arose December 14, 1977, upon defendant's suspension of all field work, "and continued through November 30, 1979." The claims asserted in Docket No. 325–80C, called the "grout" claim, and based on allegedly defective government specifications, assertedly arose between April 1, 1978, and May 31, 1979.

On May 25, 1979, plaintiff submitted to the contracting officer, pursuant to section 6 of the 1978 act, a written, duly certified, "grout" claim. The contracting officer denied that claim in writing on March 7, 1980, and on June 25, 1980, plaintiff filed a "direct access" action on its "grout" claim,[7] pursuant to section 10(a)(1) of the 1978 act.[8] That action was docketed as No. 325–80C, and assigned to Judge Wiese.

On January 21, 1981, plaintiff submitted to the contracting officer its written, duly

4. Section 161(10), act of Apr. 2, 1982, Pub.L. 97–164, 96 Stat. 25, 49, amended Section 10(a)(1), effective October 1, 1982, by striking "Court of Claims" and inserting in lieu thereof "Claims Court." This case was pending on October 1, 1982, however, and was therefore transferred to this court pursuant to Section 403(d) of the said act, 96 Stat. 57–58.

5. Under the terms of the 1978 act, a contracting officer or a board of contract appeals may consider both claims for equitable adjustments under the contract and claims for breach of contract. *Essex Electro Engineers, Inc. v. United States, supra.*

6. The facts appearing herein are derived from plaintiff's complaint and the exhibits attached to the pending motions, and are undisputed.

7. Plaintiff alleged, and defendant admitted, that the "grout" claim plaintiff submitted to the contracting officer on May 25, 1979, was "for the same matters as are the subject" of its complaint in Docket No. 325–80C.

8. The action was filed by plaintiff for its own use and for the use of Bafill Construction Corporation.

certified, "delay" claim.[9] The contracting officer issued a written decision denying that claim in its entirety June 12, 1981. Plaintiff received a copy of that decision June 16, 1981. Plaintiff did not appeal that decision to "an agency board of contract appeals" pursuant to section 7 of the 1978 act within ninety days thereafter, and it did not file suit in the Court of Claims, pursuant to section 10(a)(1) of the 1978 act, within twelve months thereafter.[10] These inactions have given rise to, and form the basis for, defendant's present motion.

### III

The government says, first, that to the extent plaintiff purports to sue under the "direct access" provisions of sections 10(a)(1) and (3) of the 1978 act, such an action, to be timely, must be brought within the "twelve month limit established by the Act * * * *" and, if not commenced within that "definite limitation period," is beyond the jurisdiction of this court. *Gregory Lumber Co. v. United States,* 229 Ct.Cl. —— (Docket No. 134–81C, Order, filed January 8, 1982). This action was not commenced within the twelve-month period following plaintiff's receipt of the contracting officer's written decision on the "delay" claim asserted herein.

Defendant adds that to the extent plaintiff's claim of right to relief in Docket No. 433–82C may rest upon any other jurisdictional basis, that claim is nonetheless barred. In this connection, defendant asserts that since plaintiff took no appeal whatever from the contracting officer's decision denying the "delay" claim advanced in Docket No. 433–82C, it is thereby precluded from pressing that claim by a failure to exhaust administrative remedies.[11]

Plaintiff cannot, and does not, deny that this suit was not commenced within the "definite limitation period" prescribed by section 10(a)(3). Nor does plaintiff attempt to controvert in any way the factual components of defendant's failure to exhaust argument. Indeed, there is a clear, if tacit, admission that plaintiff's "delay" claim is, as plaintiff delicately puts it, "technically time-barred as a 'separate action' * * * *."

Plaintiff does, however, assert that an order should be entered in *this* case (1) permitting it, by way of "an amendment or supplement" to the complaint in Docket No. 325–80C, "to include [therein] all of the 'delay' claims set forth * * * *" in the complaint herein, and (2) directing "that the ["delay"] claim to be asserted in the amended pleading be tried separately from * * * *" the "grout" claim, now asserted in the pleading in Docket No. 325–80C, already tried, and awaiting the completion of briefing and decision.

Absent a judicial determination both (1) that plaintiff is entitled to amend (or supplement) the complaint in Docket No. 325–80C so as to include therein the "delay" claim, and (2) that, upon such amendment (or supplementation) of the complaint in Docket No. 325–80C, the "delay claim" is not time-barred[12], defendant's contention that the court lacks jurisdiction over the "delay" claim must ultimately be sustained. Those determinations, however, can not properly be made in this case.

---

9. While it seems quite clear that plaintiff elected to proceed with its "delay" claim under the 1978 act, the claim as submitted was for an "equitable adjustment" pursuant to the provisions of Contract 17,187, and was thus well within the scope of the contract's "Disputes" clause.

10. This action was filed by plaintiff August 30, 1982, for its own use and for the use of both Bafill and Williamsburg Steel.

11. *See Arlington Alliance Ltd. v. United States,* 231 Ct.Cl. ——, 685 F.2d 1353 (1982); *Zidell Explorations, Inc. v. United States,* 192 Ct.Cl. 331, 334, 427 F.2d 735, 737 (1970); *see also Troup Bros. v. United States,* 221 Ct.Cl. 850,

618 F.2d 123 (1979); *Monroe Garment Co. v. United States,* 203 Ct.Cl. 324, 336–38, 488 F.2d 989, 996–97 (1973). *Cf.* note 9, *supra.*

12. Plaintiff's argument in this respect appears to be that since the "delay" claim is "related" to its earlier "grout" claim, "all subsequent related pleadings should relate back to the date of the original 'grout' petition, which was timely filed in 1980." If plaintiff's argument is accepted, a failure to appeal the contracting officer's denial of the "delay" claim would not, *per se,* bar consideration of the claim on its merits. Section 10(a)(1), *supra.*

Without regard to whether or not plaintiff should be permitted to amend (or supplement) the complaint in docket No. 325–80C so as to include "all of the averments and counts presently contained in * * *" Docket No. 433–82C, the motion to amend (or supplement) has clearly been made in the wrong case. As defendant accurately asserts, any such motion can be resolved only in the action in which the complaint desired to be amended (or supplemented) is pending.[13] Whether or not Judge Wiese would (or properly could) deem allowance of such a motion, if directed to him, appropriate, an order directing amendment or supplementation of the complaint filed in the case pending on his docket cannot be entered in *this* case. Accordingly, plaintiff's "cross-motion to amend" is hereby denied.

The result is that (as plaintiff tacitly but clearly concedes), maintenance of this action—at least as a separate action—is precluded. If viewed as a "direct access" action under section 10(a)(1), it was commenced far beyond the "definite limitation period" established by section 10(a)(3), and is thus outside the court's jurisdiction. *Gregory Lumber Co. v. United States, supra.* If not, it is barred by plaintiff's failure to exhaust its administrative remedy by timely appealing the contracting officer's denial of the "delay" claim to an agency board of contract appeals. *See* sections 6(b) and 7 of the 1978 act, 41 U.S.C. §§ 605(b), 606 (Supp. V 1981); *Arlington Alliance, Ltd. v. United States,* 231 Ct.Cl. ——, 685 F.2d 1353 (1982); *Troup Bros. v. United States,* 221 Ct.Cl. 850, 618 F.2d 123 (1979); *Zidell Explorations, Inc. v. United States,* 192 Ct.Cl. 331, 334, 427 F.2d 735, 737 (1970).

In light of the foregoing, defendant's motion for summary judgment dismissing the complaint is granted. In so holding, how-ever, the court does not reach or resolve the issue whether or not amendment (or supplementation) of the complaint in Docket No. 325–80C is or may be appropriate, nor, if so, whether any claim added by such amendment (or supplementation) would "relate back" to an earlier time so as to permit suit thereon.[14] *See Vann v. United States,* 190 Ct.Cl. 546, 420 F.2d 968 (1970); *United States v. Northern Paiute Nation,* 183 Ct.Cl. 321, 328, 393 F.2d 786, 790 (1968). *Cf. Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.1980), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Blau v. Lamb,* 191 F.Supp. 906 (D.N.Y.1961); *Mitchell v. RKO Rhode Island Corp.,* 148 F.Supp. 245 (D.Mass.1956).

Accordingly, this action will be dismissed pursuant to Rule 58, without prejudice to a motion by plaintiff in Docket No. 325–80C for leave to assert its "delay" claim in that case. The foregoing is, of course, also without prejudice to any defenses to such a motion defendant may wish to raise should the motion be made.

---

**13.** It should be noted that defendant also contends, and vigorously, that the "delay" claim would not "relate back" in any event, because the "grout" claim and the "delay" claim are entirely separate claims.

**14.** As plaintiff recognizes, the "delay" claim could not have been included in Docket No. 325–80C when that action was filed; indeed, the "delay" claim was not even submitted to the contracting officer until January 1981. A "direct access" suit on that claim could, however, have been filed at any time within twelve months from June 16, 1981, the day plaintiff received the contracting officer's decision denying the claim.