Frank Phillip D'ANTUANO, Plaintiff,

v.

CITY OF NIAGARA FALLS, Thomas Zwelling, Frank Granto, Mr. Szcakutowicz, Patricia McCune and J. Galie, Jr., Defendants.

No. 95–CV–770H.

United States District Court, W.D. New York.

July 24, 1997.

Frank Phillip D'Antuono, Elmira, NY, pro se.

Anna Marie Richmond, Buffalo, NY, for plaintiff.

Robert P. Merino, Jr., Edward P. Perlman, City of Niagara Falls, Dept. of Law, Niagara Falls, NY, Michael V. Maloney, Corp. Counsel for City of Niagara Falls, New York City Hall, Niagara Falls, NY, for defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). Pending for decision are plaintiff's motions to amend his complaint (Items 28 and 37).

### BACKGROUND

On September 7, 1995, plaintiff commenced this action *pro se,* alleging that while he was confined in the Niagara Falls jail, defendants violated his rights to due process and equal protection under the United States Constitution and his right to due process under the Constitution of the State of New York.

On January 21, 1997, plaintiff moved for leave to amend his complaint (Item 28). Shortly thereafter, this court granted plaintiff's motion for assignment of counsel.

On April 25, 1997, with the benefit of counsel, plaintiff again moved for leave to amend his complaint (Item 37), seeking to add a claim under the Fourth Amendment. Defendants oppose the motion on the grounds that: (1) extensive discovery has already been completed and an amendment would require a greater expenditure of time and public resources, (2) the proposed amendment would complicate an already complicated

case, and (3) plaintiff, acting *pro se*, had the ability and expertise to amend his complaint in a timely manner.

Defendants objections are discussed in turn below.

## DISCUSSION

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may, within certain time limitations, file one amended pleading as a matter of course. Where a party fails to amend as of right, Rule 15(a) permits amendment "only by leave of court or by written consent of the adverse party."

Because plaintiff failed to amend as of right within the time allowed, the decision whether to grant leave to amend in this case is within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, as Rule 15(a) further indicates, the court should deny such motions sparingly. The Supreme Court has stated the following as appropriate reasons for denial: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

### 1. Additional Resources Required for Discovery.

Plaintiff's original claims are based on his confinement at the Niagara Falls jail from September 12, 1992, when he was arrested, until September 18, 1992, when he was transferred to the county jail. Plaintiff's proposed Fourth Amendment claim is also based on his six-day confinement in the Niagara Falls jail.

Defendants argue that an amendment of the pleadings will require additional discovery and will be burdensome to the municipality in terms of time and resources.

New legal claims or factual allegations in a proposed amended complaint do not result in undue prejudice to the defendant where the original complaint put the defendant on notice that such claims and allegations were possible. *See Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir.1986). Given that plaintiff's proposed Fourth Amendment claim arises from the same events and circumstances as his original claims and does not involve new factual allegations or additional defendants, I fail to see how defendants will be unduly burdened thereby.

### 2. Complicated Nature of the Case.

Defendants cite *Triangle Industries, Inc. v. Kennecott Copper Corp.*, 402 F.Supp. 210 (S.D.N.Y.1975), for the proposition that a motion to amend should be denied where the proposed complaint would add to the complications of "an already complicated case." The question raised in the *Triangle* case was whether the proposed amended complaint would complicate the case "to the extent that no jury could reasonably be expected to assimilate the facts or render an intelligent or just verdict." *Id.* at 212.

Defendants do not identify the factors that would make it unreasonable to expect a jury to render a just verdict in this case, nor does the record indicate that this is anything other than a straightforward prisoner's civil rights action.

### 3. Plaintiff's Ability to Timely Seek an Amendment.

Based on the manner in which plaintiff prosecuted this action prior to receiving assigned counsel, defendants conclude that plaintiff had the expertise to timely seek an amendment if he desired to do so. Defendants imply that plaintiff's motion should be denied as untimely.

■ Delay or untimeliness alone is not sufficient to defeat a motion for leave to amend a complaint. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir.1995); *State Teachers Retirement Bd. v. Fluor Corp.*, 566 F.Supp. 939, 941 (S.D.N.Y.1982). There must be an additional

showing of bad faith, surprise or prejudice. *United States for and on Behalf of Maritime Admin. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago,* 889 F.2d 1248, 1254–55 (2d Cir.1989); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg.,* 608 F.2d 28, 42 (2d Cir.1979). None of the additional factors weighing in favor of denial are present in this case.

Further, it is noted that Rule 16 of the Federal Rules of Civil Procedure encourages the court to discuss amendments to the pleadings at pretrial conferences in order to ensure that all issues are presented. *See generally,* 3 *Moore's Federal Practice* ¶ 15.14[1]. Following a pretrial conference held on March 10, 1997, this court entered a scheduling order which set a deadline for amending the pleadings (Item 36). Plaintiff's motion to amend was filed within the time set in the order and less than ninety days after counsel was assigned.

Accordingly, for all of the foregoing reasons, defendants' objections are without merit and plaintiff's motion to amend his complaint (Item 37) must be granted. Plaintiff's previous motion to amend (Item 28), which was filed before plaintiff received assigned counsel, is denied as moot.

### CONCLUSION

For the reasons stated, plaintiff's motion to amend his complaint (**Item 37**) is GRANTED, and plaintiff's motion to amend his complaint (**Item 28**) is DENIED as moot.

**SO ORDERED.**