Steven **AFTERGOOD**, Plaintiff,

v.

**CENTRAL INTELLIGENCE AGENCY**, Defendant.

**Civil Action No. 01–2524.**

United States District Court, District of Columbia.

Sept. 6, 2002.

---

Steven Aftergood, Washington, DC, pro se plaintiff.

Frank P. Menna, Attorney–Advisor, Office of Information and Privacy, United States Department of Justice, Washington, DC, for the defendant.

### *MEMORANDUM ORDER*

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS; GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court on the defendant's motion to dismiss for lack of subject-matter jurisdiction and the plaintiff's motion for leave to file a supplemental complaint. On May 11, 1995, Steven Aftergood ("the plaintiff"), filed a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, request with the Central Intelligence Agency ("CIA" or "the defendant") seeking budget information for the years 1947 through 1990. Compl. ¶ 14. The CIA denied the plaintiff's request and on June 5, 1995 the plaintiff filed an administrative appeal with the CIA. *Id.* ¶ 16–17. Five years later, the CIA denied the plaintiff's appeal. *Id.* ¶ 18. Continuing his effort to obtain the budget information from the CIA, the plaintiff filed a complaint with this court on December 7, 2001. *Id.* ¶ 10.

On February 19, 2002, the defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the statute of limitations bars the plaintiff's claim. Def.'s Mot. to Dismiss at 1–4. In response, on February 22,

2002, the plaintiff filed a new FOIA request with the CIA that is "substantially identical" to the 1995 FOIA request. Pl.'s Mot. for Leave to File a Supp. Compl. at 1–2. The plaintiff now seeks leave to file a supplemental complaint that cures the original complaint's jurisdictional defect by adding claims regarding his 2002 FOIA request. *Id.* at 2–4. For the reasons that follow, the court grants both the defendant's motion to dismiss and the plaintiff's motion for leave to file a supplemental complaint.

## II. ANALYSIS

### A. The Court Grants the Defendant's Motion to Dismiss for Lack of Subject–Matter Jurisdiction

The defendant moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the statute of limitations precludes the court's subject-matter jurisdiction. Def.'s Mot. to Dismiss at 1. On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *Dist. of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C. 1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overturned on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

The plaintiff in this case filed his complaint *pro se.*[1] As such, the court recognizes and applies to this case the principal that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C.Cir. 1993) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, a *pro se* plaintiff, must still follow the Federal Rules of Civil Procedure. *Id.*

The applicable statute of limitations for FOIA actions is 28 U.S.C. § 2401(a), which requires that a complaint be filed within six years of the accrual of a claim. 5 U.S.C. § 552; *Spannaus v. Dep't of Justice,* 824 F.2d 52, 55 (D.C.Cir.1987). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Id.*

Generally, a cause of action accrues as soon as the claimant can institute and maintain a suit in court. *Spannaus,* 824 F.2d at 56. More specifically, a FOIA claim accrues once the claimant has constructively exhausted his or her administrative remedies. *Id.* at 57. Constructive exhaustion occurs when the time limits by which an agency must reply to a FOIA claimant's request or appeal (if there is an appeal) expire. 5 U.S.C. § 552(a)(6)(C); *Spannaus,* 824 F.2d at 58.

Because the plaintiff filed an appeal with the CIA on June 5, 1995, and that appeal was constructively exhausted 20 business days later when the agency's response period expired, the cause of action accrued during July 1995. 5 U.S.C.

---

1. While this plaintiff is *pro se,* the court notes that he has filed at least three other lawsuits with the U.S. District Court for the District of Columbia and was represented by counsel in two of those actions. Dkt. Nos. 02cv1146, 98cv2107, 97cv1096.

§ 552(a)(6)(A)(ii). Accordingly, the statute of limitations for the plaintiff's 1995 FOIA request expired in July 2001, six years after it accrued and about 5 months before the plaintiff filed his complaint with the court. 28 U.S.C. § 2401(a). As a result, the court lacks subject-matter jurisdiction over the plaintiff's complaint and thus grants the defendant's motion to dismiss. *Spannaus*, 824 F.2d at 55.

### B. The Court Grants the Plaintiff's Motion for Leave to File a Supplemental Complaint Based on the 2002 FOIA Request

The plaintiff filed a second FOIA request with the CIA on February 22, 2002. Pl.'s Mot. for Leave to File a Supp. Compl. at 1–2. Though the requests were filed at different times and may have been reviewed by different CIA employees, the 2002 FOIA request is "substantially similar" to the 1995 FOIA request in that both request the same CIA budget information. *Id.* Regarding the 2002 request, the plaintiff constructively exhausted his administrative remedies 20 business days after filing the 2002 request, when the agency's response period expired. 5 U.S.C. § 552(a)(6)(A)(i). Therefore, a new cause of action accrued on or about March 22, 2002. *Id.;* Pl.'s Mot. for Leave to File a Supp. Compl. at 2. The plaintiff requests leave to file a supplemental complaint, asserting that the addition of claims regarding the 2002 FOIA request cures the jurisdictional defect in the original complaint. Pl.'s Mot. for Leave to File a Supp. Compl. at 2.

A party may file supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice the rights of the adverse party. *Montgomery Envtl. Coalition v. Fri*, 366 F.Supp. 261, 265–66 (D.D.C.1973). Moreover, "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995). Finally, the purpose of pleading "is to facilitate a proper decision on the merits" and avoid the dismissal of potentially meritorious claims due to procedural missteps. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In *Spannaus*, the D.C. Circuit discussed a FOIA requester's ability to "later request the same information," effectively *resurrecting* a claim dismissed pursuant to the statute of limitations. *Spannaus*, 824 F.2d at 56 n. 2. In holding that this ability to effectively resurrect FOIA claims does not exempt FOIA cases from the statute of limitations, the circuit explained:

> As appellant himself has observed, little is at stake in [holding that the cause of action is time barred]. Appellant can simply *refile his FOIA request tomorrow and restart the process.* In fact, so far as we can tell, nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure. With the hope that appellant will not unduly clog the docket of an agency that has until now apparently attempted to pursue its responsibilities diligently, we affirm the District Court's judgment.

*Id.* at 61 (emphasis added).

In this case, unlike in *Spannaus*, the plaintiff has already resurrected his claim by filing a new FOIA request. Pl.'s Mot. for Leave to File a Supp. Compl. at 2. The *Spannaus* court implicitly endorses this

strategy by specifically acknowledging that a requester can resurrect a FOIA claim and, for all practical purposes, render a dismissal pursuant to the statute of limitations meaningless. *Spannaus,* 824 F.2d at 61 n. 2.

 The facts of this case present this specific procedural question: When the statute of limitations bars the claims set out in a complaint, may the plaintiff file a supplemental complaint that brings new similar claims based on a subsequent similar transaction? The answer in this FOIA case is yes, so long as the new claims replace the time-barred claims. *See Spannaus,* 824 F.2d at 61 n. 2. The issue here is not the *Spannaus* issue of whether the statute of limitations applies to the plaintiff's original claim—it does. Part II.A. *supra.*

Though the plaintiff's new claims involve a distinct transaction (a new FOIA request), the 2002 FOIA request is "substantially identical" to the 1995 FOIA request and discovery has not yet begun. Pl.'s Mot. for Leave to File a Supp. Compl. at 2. Therefore, granting the plaintiff's motion will not surprise or prejudice the defendant that is already familiar with the 1995 request. *Montgomery Envtl. Coalition,* 366 F.Supp. at 266; *Quaratino,* 71 F.3d at 66. Accordingly, allowing the plaintiff to supplement his pleading is appropriate. *Id.* Consequently, the court grants the plaintiff leave to supplement his complaint with claims pursuant to the 2002 FOIA request so long as the complaint no longer includes the claims relating to the now-expired 1995 FOIA request.

For these reasons, it is this—day of September 2002,

**ORDERED** that the defendant's motion to dismiss the complaint is **GRANTED,** and it is

**FURTHER ORDERED** that the plaintiff's motion for leave to file a supplemental complaint is **GRANTED;** and it is

**ORDERED** that the plaintiff file the supplemental complaint in accordance with this Memorandum Order by October 10, 2002, and the defendant file an answer by December 10, 2002. The plaintiff is on notice that failure to timely comply with this Memorandum Order could lead to dismissal of the entire action.

**SO ORDERED.**