**HEALTH INSURANCE ASSOCIATION OF AMERICA, Plaintiff,**

v.

**GODDARD CLAUSSEN PORTER NOVELLI, et al., Defendants.**

No. CIV.A. 02CV0831 (RBW).

United States District Court, District of Columbia.

Feb. 21, 2003.

See also 211 F.Supp.2d 23.

Daniel E. Johnson, McKenna, Long & Aldridge LLP, Washington, DC, for Health Ins. Ass'n of America.

William Webber, Morgan, Lewis & Bockius LLP, Washington, DC, for Goddard Claussen Porter Novelli.

Andrew A. Nocely, Mayer, Brown, Rowe & Maw, Washington, DC, for Curesnow.

#### *MEMORANDUM OPINION*

WALTON, District Judge.

This is a copyright and trade dress infringement lawsuit. On December 20, 2002, plaintiff, the Health Insurance Association of America ("HIAA"), filed a motion for leave to file a supplemental complaint pursuant to

**64**

Federal Rule of Civil Procedure 15(d).[1] In its supplemental complaint, plaintiff seeks to add claims against defendant Goddard Claussen Porter Novelli ("Goddard") for breach of duty, negligence, and indemnification (counts V, VI, and VII of the supplemental complaint), which arise out of a separate lawsuit that has recently been filed against HIAA and is currently pending before another judge of this Court. For the reasons set forth below, the Court concludes that it must deny HIAA's request to file its supplemental complaint.

## I. *Background*

At the center of the substantive controversy in this matter are advertisements that defendant Goddard created for HIAA and defendant CuresNow. The parties characterize these advertisements as the "Harry and Louise" advertisements, based on the names of the actors who are featured in the advertisements, Harry Johnson and Louise Caire Clark. HIAA claims that defendant Goddard violated HIAA's copyright and trademark rights in these advertisements by creating advertisements regarding therapeutic cloning for defendant CuresNow, which utilized the same format and featured the same actors as the advertisements that were created by Goddard for HIAA. In its four count complaint that was initially filed in this case, HIAA asserts claims against both defendants for violations of the copyright act, 17 U.S.C. §§ 101 *et seq.* (2000), (count one), the trademark act, 15 U.S.C. §§ 1501 *et seq.* (2000) (count two), seeks declaratory relief regarding the alleged trademark and copyright infringement violations (count three) and in count four asserts a claim against Goddard for indemnification for plaintiff's "costs and liabilities in this action (including attorney's fees), [because] Goddard Claussen's performance under the agreement is the subject of this action[ ]" and Goddard has agreed to indemnify HIAA regarding "all costs and liabilities arising out of the perfor-

mance of this Agreement . . ." Compl. ¶¶ 51–52.[2]

On June 18, 2002, actors Harry Johnson and Louise Caire Clarke filed a lawsuit against HIAA based upon HIAA's alleged unauthorized use of the actors' images. Defendant Goddard's Memorandum in Opposition to Plaintiff's Motion for Leave to File a Supplemental Complaint ("Def.'s Opp'n"), Exhibit ("Ex.") A (Complaint filed in *Clark v. Health Insurance Association of America,* ("*Clark*") 02cv1204 (Kennedy, J.)). HIAA now seeks leave to file a supplemental complaint in this action wherein it seeks to assert the following additional claims against defendant Goddard: breach of agent's duty and negligence (count five); indemnification under the 1993 and 1994 agreements between Goddard and HIAA (count six); and indemnification under the 1998 agreement between Goddard and HIAA (count seven). Plaintiff's Statement of Points and Authorities in Support of its Motion for Leave to File Supplemental Complaint ("Pl.'s Mem."), Exhibit A (Proposed Supplemental Complaint). In each of these supplemental claims HIAA seeks indemnification from Goddard for any monetary liability and expenses it may incur in the *Clark* litigation. Thus, HIAA argues that the contracts at issue in this litigation and common law "establish that [Goddard] is liable to HIAA for the claims that the actors assert against HIAA." Pl.'s Mem. at 3. HIAA has also filed a motion to dismiss in the *Clark* case, and notes that Judge Kennedy, to whom the case was initially assigned, had not ruled on the motion to dismiss and that the case was recently reassigned to the newest member of this Court, Judge Collyer. *Id.* "Thus, [HIAA argues, it] is now seeking to assert the additional claims against [Goddard] in the Supplemental Complaint [in this case], to avoid delaying [the resolution of] this case." *Id.*

Defendant Goddard offers two reasons why this Court should deny HIAA's motion to file the supplemental complaint: First,

---

**1.** December 20, 2002, was the deadline specified in the scheduling order by which the parties were required to amend their pleadings.

**2.** This Court denied HIAA's request for a preliminary injunction that was based on the allegations

in the original complaint on May 15, 2002. An amended Memorandum Opinion that set forth the reasons for the denial was issued by the Court on May 20, 2002.

because HIAA has waited six months to seek the filing of these supplemental claims, there would be no time to conduct discovery regarding these additional claims before the date designated for the close of discovery, which would seriously prejudice Goddard. Currently, defendant notes, expert reports were due to be submitted by January 31, 2003, and discovery is scheduled to close May 1, 2003. *Id.* at 6. Additional discovery would be needed if plaintiff is permitted to file the supplemental complaint, defendant argues, because these additional claims are not related to the claims currently before the Court in this lawsuit. Def.'s Mem. at 6.[3] With the limited amount of time available to conduct further discovery before the discovery period closes, Goddard contends that it would not have sufficient time to conduct the additional discovery regarding these new and distinct claims, which would prejudice its ability to defend against the supplemental claims. *Id.*

Second, Goddard argues that the additional claims HIAA wants to add to its complaint in this matter seek indemnification for losses HIAA may suffer in the *Clark* case, and therefore, these additional claims should be asserted as third-party claims in the *Clark* litigation. *Id.* Goddard notes that this was the course HIAA indicated it was going to pursue in the parties' Joint Report that was submitted to this Court. *See* Joint Report dated September 18, 2002, at 3, 5 ("HIAA will file a third-party complaint in [the *Clark*] action against [Goddard] and may seek to consolidate that case with this case. Further amendment of the pleadings in this case will also be required."). In addition, Goddard argues that it will be prejudiced if HIAA does not plead the claims it seeks to add in this lawsuit as third party claims in the *Clark* case because Goddard would then be unable to participate as a party in the *Clark* litigation, thus obliterating its right to

discovery, which would unfairly impair its ability to determine whether HIAA is in fact liable to the actors. Def.'s Mem. at 8.

In reply, HIAA argues that Goddard would not be prejudiced if this Court grants HIAA's motion to file its supplemental complaint because the supplemental claims evolve from contracts that are at issue in this case, and because Goddard's delay in producing discovery[4] "will necessitate some modification of the current schedule" in any event. Plaintiff's Reply Brief in Support of its Motion for Leave to File a Supplemental Complaint ("Pl.'s Reply") at 1. In addition, HIAA notes that the only deadline Goddard claims it would be unable to meet if HIAA is permitted to file its supplemental complaint was the January 31, 2003, deadline for the identification of experts and Goddard fails to state whether it would need an expert witness to testify regarding the supplemental claims. *Id.* at 5. HIAA argues that the supplemental claims are being properly asserted in this case because, if the *Clark* action is dismissed, HIAA would then have to bring its supplemental claims in this case in any event or would have to file a separate action that it would then seek to have consolidated with this case. *Id.* at 2. HIAA further argues that the court's focus should be "on the factual overlap between the original complaint in this action and the supplemental facts[,]" in the supplemental complaint, which it contends are closely related to each other. *Id.* at 3 (citing *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995)). Finally, because according to HIAA, the pending claims and the claims in the supplemental complaint are so closely related, there is a risk of inconsistent verdicts if the claims are not litigated in one proceeding. *Id.* at 3–4.

## II. *Analysis*

■ Federal Rule of Civil Procedure 15(d) provides, in part, that a party may file

---

3. Goddard notes that the actors in the *Clark* case have filed claims against HIAA based on the alleged misappropriation of their images, implied contract/quantum meriut, and disparagement resulting from HIAA's use of a separate set of Harry & Louise advertisements on web sites and in newspapers during 2000 to 2002. Def.'s Mem. at 7. The claims in the original complaint filed in this case are related to copyright and trade dress claims concerning Goddard's and CuresNow's alleged use of the Harry & Louise

format in advertisements that were created for CuresNow by Goddard and aired in 2002 in support of proposed cloning legislation that was being considered by the United States Congress. *Id.*

4. HIAA alleges that Goddard "concealed eight (8) boxes of documents from HIAA until January 9[,2003]." Pl.'s Reply at 1.

"a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A supplemental pleading "may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice to the rights of the adverse party." *Aftergood v. Central Intelligence Agency*, 225 F.Supp.2d 27, 30 (D.D.C. 2002) (citation omitted). The purpose for filing a supplemental pleading "is to facilitate a proper decision on the merits and avoid the dismissal of potentially meritorious claims due to procedural missteps." *Id.* (citation and internal quotation marks omitted). Thus, the court should freely grant a party's request to file a supplemental pleading "when the supplemental facts connect it to the original pleading." *Id.* (citation and internal quotation marks omitted).

"A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." *Rowe v. United States Fidelity & Guaranty Co.*, 421 F.2d 937, 942 (4th Cir.1970). The rule is designed to "give a party 'every opportunity to join all of his grievances against another party regardless of when they arose ...'" *Matthew Bender & Co. v. West Publishing Co.*, No. Civ.A. 94–0589, 1995 WL 702389, at *2 (S.D.N.Y. Nov.28, 1995) (citation omitted). Leave to file a supplemental complaint should be "freely granted ... where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party." *Wells v. Harris*, 185 F.R.D. 128, 132 (D.Conn.1999) (citations omitted).

▇ Perhaps "[t]he strongest argument in favor of granting [a] motion [to file a supplemental complaint] is economy—judicial economy as well as the cost of litigation." *Medtronic Inc. v. Siemens–Pacesetter, Inc.*, No. Civ.A. 88–121, 1992 WL 88452, at *2 (N.D.Ill. Apr.27, 1992). In this case, judicial economy does not favor granting HIAA's motion. The supplemental claims here will put into issue contracts regarding defendant Goddard's alleged duty to indemnify plaintiff regarding claims that will not directly be at issue in this case. Moreover, the inclusion of the supplemental claims will raise additional issues regarding Goddard's alleged negligence and breach of its duty for failing to inform plaintiff of any limitations regarding the use of Johnson's and Clark's images. Pl.'s Mot., Ex. A ¶ 17. These factors therefore weigh against granting plaintiff's motion. *See, e.g., Mitchell v. RKO Rhode Island Corp.*, 148 F.Supp. 245, 247 (D.Mass.1956) (denying plaintiff's motion to file a supplemental complaint where the facts and evidence introduced by the supplemental complaint would "increase the difficulty of trying both the original and supplemental proceedings in a single proceeding. Any advantage which might normally be gained by disposing of this whole controversy in a single trial would be outweighed by the difficulties that would be involved."). Even assuming that the introduction of the supplemental claims here would not necessarily complicate the resolution of the issues currently pending before this Court, judicial economy would not be served by permitting HIAA to file its supplemental complaint in this case since another case (*Clark*), which contains matters more closely related to the claims asserted in HIAA's supplemental complaint, is pending before another member of this Court. *See, e.g., Medtronic, Inc.*, 1992 WL 88452, at *1–2 (denying plaintiff's motion to file a supplemental complaint where plaintiff was "not foreclosed from joining the claim of the supplemental complaint" in another suit pending in another jurisdiction.); *Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 483 (8th Cir.1960) (affirming district court's denial of plaintiff's motion for leave to file a supplemental complaint where issues in original complaint had been resolved and judicial economy would not be served by permitting plaintiff to file a supplemental complaint for claims that were being litigated in another forum.).

Another important consideration the Court must weigh "[w]hen determining whether to grant leave [to file a supplemental complaint] ... [is] whether the denial of the amendment or supplement compromises plaintiff['s] chances of recovery." *See Streicher v. Washington*, No. Civ.A. 83–3295, 1992 WL

73508, at *4 (D.D.C. March 20, 1992) (citations omitted). There is no such potential in this case. HIAA's argument that if it is not permitted to file its supplemental complaint in this case and the *Clark* case is dismissed, that it would then be unable to assert its claims for indemnification against Goddard without having to initiate another case that it would then have to seek to consolidate with this action, is unavailing. Rather, if HIAA impleads Goddard as a third-party defendant in the *Clark* case, then, even if the current claims in that underlying lawsuit were dismissed, HIAA's claims against Goddard would remain alive in *Clark* because diversity[5] or supplemental jurisdiction would still exist. *See, e.g., Ametex Fabrics, Inc. v. Just in Materials, Inc.,* 140 F.3d 101, 105 (2d Cir.1998) (holding that district court properly exercised supplemental jurisdiction over third-party claims after main copyright action had been settled.). Thus, even if HIAA is successful in obtaining the dismissal of the *Clark* case, HIAA would still be able to pursue its claims for negligence, breach of duty, and indemnification against Goddard in the *Clark* litigation.

In addition, the Court concludes that Goddard would be prejudiced by the inclusion of new issues that are not related to HIAA's copyright and trademark claims. *See Aftergood,* 225 F.Supp.2d at 30 (supplemental pleadings may be filed where their introduction will not "create surprise or prejudice to the rights of the adverse party.") (citation omitted). As stated previously, in the original complaint filed in this lawsuit, HIAA seeks a declaration that Goddard and Cures-Now violated the trademark and copyright laws by creating advertisements that were allegedly identical in format to advertisements created by Goddard on behalf of HIAA. The supplemental complaint would insert additional facts and issues into this case that do not directly impact the issues raised in the original complaint. For example, paragraph 11 of the proposed supplemental complaint alleges that after HIAA filed this action

two of the actors . . . asserted claims against HIAA in [the Clark] case . . . [The actors,] Clark and Johnson[,] allege that the contracts between them and Goddard Claussen, acting as agent for HIAA, contained limitations on HIAA's use of the 'Harry and Louise' advertisements and that HIAA's use of the . . . advertisements exceeded those limitations. Thus, [the actors] contend, HIAA is liable to them.

Pl.'s Mot., Ex. A ¶ 11. It is clear that these additional facts and claims in no way directly relate to the claims alleged in the original complaint wherein HIAA asserts trade dress and copyright infringement violations based upon Goddard's and CuresNow's use of the "Harry and Louise" actors and the same format as used in HIAA's advertisements in the CuresNow cloning advertisements. *Cf. Griffin v. County Sch. Bd. of Prince Edward County,* 377 U.S. 218, 226, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) (upholding decision to permit plaintiffs to file a supplemental complaint because "[t]he amended complaint . . . was not a new cause of action but merely part of the same old cause of action arising out of the continued desire of colored students in Prince Edward County to have the same opportunity for state-supported education afforded to white people . . ."); *Quaratino,* 71 F.3d at 66 ("leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading.") (citations omitted); *Aftergood,* 225 F.Supp.2d at 31 (granting motion to file supplemental pleading to cure jurisdictional defect where second FOIA request was "substantially identical" to the time barred request).

Also important to the Court's decision not to permit HIAA to file its supplemental complaint in this case is the fact that Goddard would have to defend itself against claims relating to a lawsuit not before this Court, and, being a non-party in the *Clark* case, Goddard would not be entitled to conduct discovery there that might be helpful to it in defending itself against HIAA's supplemental

---

**5.** In its supplemental complaint, HIAA states that the Court "also has jurisdiction over the claims asserted in this Supplemental Complaint because they are solely between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs." Pl.'s Mot., Ex. A ¶ 1.

claims. Although HIAA correctly noted at oral argument that claims for indemnification may be, and often are, brought in a separate action, the Court sees no logical reason why this should occur in this case. Given HIAA's choices—to either file a third party claim for indemnification in the *Clark* case that is premised on the claims that have been asserted against it in that case or pursue its indemnification claims in this case which involves issues that are substantially unrelated—the Court fails to understand why HIAA would attempt to proceed with the claims in this case. The interests of justice, which are advanced by the orderly and otherwise proper adjudication of related claims, and the speedy resolution of the parties' dispute both favor HIAA having to file its claims in the *Clark* case. *See* 3 *Moore's Federal Practice*, § 14.03[1], at 14–12 (Matthew Bender 3d ed. 2002) ("Third-party practice fosters efficient litigation by packaging the underlying claim for liability and any indemnity or contribution claims in a single case. This inclusive packaging spares the judicial system and at least some of the parties the waste and expense of multiple suits. Concomitantly, it avoids the possibility of inconsistent judgments.") (footnote containing citations to circuit court cases omitted).[6] HIAA does not present any argument about why it cannot file a third-party claim against Goddard in the *Clark* case or how it would be prejudiced by having to file its claims against Goddard in that case. Indeed, it appears that the parties in the *Clark* action have not even commenced discovery and the case was just recently transferred to Judge Collyer. Under these circumstances, prejudice can hardly be claimed by HIAA with the *Clark* case in its current posture.

Finally, HIAA's argument regarding the risk of inconsistent verdicts if the Court does not permit the supplemental complaint to be filed in this case is inapplicable here. This Court is not being asked pursuant to the original complaint to adjudicate the nature of HIAA's relationship with the actors who have filed the *Clark* case. Although defendant Goddard may seek to introduce evidence in this case that HIAA did not have an exclusive contract with the actors, this evidence would only be admitted as support for Goddard's argument that HIAA has no ownership rights in the advertisement format at issue. That determination would not require a substantive decision regarding the nature of the relationship between HIAA and the actors. To state the matter differently, even if HIAA demonstrates that it had the right to use the actors' images in the manner that it did pursuant to the contracts at issue in the *Clark* case, this fact alone does not translate into copyright and trademark ownership over the advertisement format at issue in this lawsuit being vested with HIAA.[7] In other words, the resolution of one issue does not mandate how the other issue must be decided. *See, e.g., Chuck Blore & Don Richman Inc. v. 20/20 Advertising, Inc.*, 674 F.Supp. 671 (D.Minn.1987) (stating in *dicta* that copyright ownership did not extend to actress utilized in commercials as defendants "did not create her."). In any event, permitting plaintiff to assert its claims against Goddard in this lawsuit versus doing so in the *Clark* case would do nothing to alleviate the potential problem of inconsistent verdicts. It would instead result in the bifurcation of matters that logically should be decided in the *Clark* action, with one court determining

---

6. It should also be noted that a single trial of the actors' claim and the claims for indemnification is beneficial to HIAA because this will ensure that defendant Goddard is bound by the determinations made in the *Clark* case regarding the nature of the actors' relationship with HIAA. *See, e.g.,* 3 *Moore's Federal Practice*, § 14.03[1], at 14–12 (Matthew Bender 3d ed. 2002) ("Because the alleged indemnitor ... is not bound by the judgment in the first case (because it was not a party) the defendant might be unsuccessful, and thereby incur a liability it should have been able to pass on to another.... Effecting joinder of the indemnitor ... in a single case thus promotes judicial economy and fosters a consistent outcome that

allows the defendant to avoid these potential harms.").

7. HIAA argues that "[i]t seems that [Goddard] wishes to have two bites of the apple by forcing HIAA to litigate its relationship with the actors in this case but bring any claims arising out of that relationship in the *Clark* case." Pl.'s Reply at 4. However, if HIAA indeed has this concern, it seems to the Court that it would seek to implead Goddard into the *Clark* case or would have sought to consolidate the *Clark* case with this case. HIAA has failed to take either action.

HIAA's liability, if any, to the actors, and a different court determining Goddard's liability to HIAA, if any, for the claims in the lawsuit that has been initiated by the actors against HIAA. This procedure could surely result in the issuance of inconsistent verdicts.

For all of these reasons, the Court concludes that plaintiff's motion to file its supplemental complaint in this case must be denied.