Isadore BLAU, a stockholder of Air-Way Industries, Inc., suing on behalf of himself and all other stockholders similarly situated and on behalf of and in the right of Air-Way Industries, Inc., Plaintiff,

v.

Edward LAMB, Frank C. Oswald, Edward Lamb Enterprises, Inc., Edward Lamb Foundation, Inc., and Air-Way Industries, Inc., Defendants.

United States District Court
S. D. New York.
March 6, 1961.

See also 163 F.Supp. 528.

Morris J. Levy, New York City, for plaintiff.

Stember & Dershowitz, New York City, for defendants.

MacMAHON, District Judge.

This is an action to recover short-swing profits under Section 16(b), Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b). Plaintiff served interrogatories seeking information subsequent to the date of the complaint and moves to supplement the complaint on the ground that he is entitled to recover damages until the present time. Defendants move to vacate the interrogatories contending that plaintiff is barred by the statute from asserting claims which accrued more than two years before plaintiff's notice of motion to supplement the complaint.

Each alleged violation of Section 16(b), Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), requires proof of independent operative facts peculiar to the transactions involved and constitutes a separate claim. Accordingly, the doctrine that amendments relate back to the time of the original complaint does not apply, and those transactions completed more than two years previous to the plaintiff's notice of motion to supplement his complaint are barred by the limitation contained in the statute. Union Pacific v. Wyler, 1895, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983; Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248, 253, certiorari denied, 1956, Kaplow v. Reinfeld, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60; De Luca v. Atlantic Refining Co., 2 Cir., 1949, 176 F.2d 421, 424, certiorari denied, 1950, 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581; Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, certiorari denied, 1941, 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555; Winkelman v. General Motors Corp., D.C. S.D.N.Y.1942, 44 F.Supp. 960, 1018;

Harriss v. Tams, 1932, 258 N.Y. 229, 240–245, 179 N.E. 476. See, also, Tessier v. United States, 1 Cir., 1959, 269 F.2d 305.

Therefore, defendants' motion to vacate the interrogatories is granted with leave to the plaintiff to serve new interrogatories within seven days from the date of this order confined solely to those transactions not barred by the two-year limitation.

Plaintiff's cross-motion to supplement his amended complaint is also denied with leave to file supplemental pleadings within thirty days setting forth any further allegations of transactions in violation of Section 16(b) completed within the two-year period preceding his notice of motion to supplement the complaint. So ordered.