Case no. 07-15-00141-CV

_____

Joseph E. McClain, III

*Appellate*

v._____

Dell, Inc., Seaton corp. d.b.a Staff Management, Michael golden, Edward Smith
*Appellees*

IN THE COURT OF APPEALS
7th DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/6/2015 2:35:42 PM
VIVIAN LONG
CLERK

------------------------------------------------------------------------------------------------

From the Third District Court of Appeals, case no. 03-15-00138-CV
and the126TH District Court  for Travis County,
Cause No. D-1-gn-1400-5063, Honorable Darlene Byrnes

------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------

**APPELLANT'S OBJECTION**

====================================================================================

------------------------------------------------------------------------------------------


Joseph E. McClain, III, Pro se
Austin, Texas, 78757
Homeless
josephmcclain2003@yahoo.com
*email*

1

## APPELLANT'S OBJECTION

1. I Joseph E. McClain, III appellant,  in objection:  Under the Texas constitution Art. 1 Sec. 28 `Sec. 28.  SUSPENSION OF LAWS.  No power of suspending laws in this State shall be exercised except by the Legislature.`

2. Wherein Under the Texas Constitution Art. 1 `Sec. 27.  RIGHT OF ASSEMBLY; PETITION FOR REDRESS OF GRIEVANCES.  The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.`

3. It is by the same Texas Constitution Art. 1 Sec. 8 which the defendants had threatened harm and conspired against the rights  of the appellant where under, `Sec. 8.  FREEDOM OF SPEECH AND PRESS; LIBEL.  Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.  In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.`

4. That this motion if it is allowed for which makes notice of the defendants of the Courts awareness of their trespasses by which they sought and have violated  TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 3.01 Meritorious Claims and Contentions A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous.

5.  Whereby it is a violation under T.D.R.O.P.C. Rule 3.03 Candor Toward the Tribunal
(a) A lawyer shall not knowingly:  (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act; (3) in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision; (4) fail to disclose to the tribunal authority in the

2

controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (5) offer or use evidence that the lawyer knows to be false.

6. Where they have mislead an argument from a hearing on this trial cause where the trial court on December 23, 2015 The Honorable judge Orlinda Naranjo of the 419th Judicial District of Travis county, Texas had dismissed a hearing for a 'Contesting of the Constitutionality of a Statute/Motion to Stay a judgment' based on allegedly not having a copy of notice of service on file under this trial cause D-1-GN-1400-5063. The defendants had been served again a third time this time by constable after failing to answer and failing to appear, under T.R.C.P.RULE 237. APPEARANCE DAY If a defendant, who has been duly cited, is by the citation required to answer on a day which is in term time, such day is appearance day as to him. If he is so required to answer on a day in vacation, he shall plead or answer accordingly, and the first day of the next term is appearance day as to him. RULE 240. WHERE ONLY SOME ANSWER Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others. The defendant Dell did answer and along with filing a fraudulent claim alleging grounds for sanctions and claiming the appellant was a vexatious litigant having filed and served notice of hearing presented in a hearing in Court on February 03, 2015 The Honorable Judge Byrnes of the 126th Judicial Court of Travis County Texas did preside where the appellant did motion to hold the defendant's petition as evidence for future reference as it was for a fraudulent claim. Under grounds for which,

7. T.R.C.P. 166(a)(h) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

8. Supported by T.R.C.P. RULE 314. CONFESSION OF JUDGMENT Any person against whom a cause of action exists may, without process, appear in person or by attorney, and confess judgment therefor in open court as follows: (a) A petition shall be filed and the justness of the debt or cause of action be sworn to by the person in whose favor the judgment is confessed. (b) If the judgment is confessed by attorney, the power of attorney shall be filed and its contents be recited in the judgment. (c) Every such judgment duly made shall operate as a release of all errors in the record thereof, but such judgment may be impeached for fraud or other equitable cause.

9. It is on record the trial court in it's discretion with the plaintiff's motions & objections in mind made its decision for which T.R.C.P.C. 11.054 CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: where in whole the defendant's evidence failed to comprise grounds for

3

'Vexatious litigation.'  The Texas Rules of Evidence 404(a)  'Character Evidence'
`Evidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion,` except: `(A) by an accused in a criminal case, or by the prosecution to rebut the same, or(b)` **`Other crimes, wrongs, or acts.`** `Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith`. the defendant's testimony relates not to a crime committed but to an alleged crime not admissible because it is an aspect of the presumption of innocence that a defendant be tried for what he did not for who he is, (United States v. Foskey-636 f.2d, 517, 523 (Dec. 1980)

10.  Whereby the appellant Joseph E. Mcclain, III  has laid grounds to impeach the judgment order declaring him a Vexatious litigant, and in so doing does hereby motion to stay Judgment of trial cause D-1-GN-13000356 and grant a default judgment, where it is known on record the defendants had failed to meet with trial court and the plaintiff for which to hear a 'Motion for Mandatory Judicial Notice' where the Honorable Lora Livingston of the 261st judicial District court of Travis county, Texas was to preside and all relief sought, allowing for the defendants answer under trial cause D-1GN-1400-5063 for 'Fraudulent claim/theft liability' under T.r.C.P. 166(a)(h)'Defects in affidavits' whereby their having mislead the argument appellant, Joseph E. McClain, III  motions the court consider a default based on a fraudulent answer and grants all relief sought for both supplements of his petition in equity.

Respectfully submitted,


Joseph E. McClain, III
*Pro Se Litigant*

Austin, Texas, 78757  Homeless
*Address*
josephmcclain2003@yahoo.com
*email*

———

4

CERTIFICATE OF SERVICE

I Joseph E. McClain, certify that I emailed/served a copy of this document 'Appellants Objection,' TO:

Michael J. Golden, attorney of record for Dell, Inc., at Defendants: Dell, Inc., whose Registered office is I Dell Way, Round rock, Texas 78682 Michael S. Dell, Chairman of The Board, Chief Executive Officer

Michael J. Golden/CO Boulette & Golden L.L.P.

280 I Via Fortuna, Suite 530

Austin, Texas 78746

mike@boulettegolden.com

(512) 732-8902(direct)(512) 732-8905(fax)

Seaton Corporation: %: Patrick Berhalle

860 W Evergreen Ave, Chicago, IL 60642

(3 12) 9 I5-0700

Cornell Smith Mierl Brutacao

1607 West Avenue Austin, Texas 7870 I PH.: P: 5 I2.334.2251 fax: 512.328.1541

tsmith@cornellsmith.com

Office of the Attorney General

Office ofthe Attorney General, Ken Paxton

209 14TH ST,W AUSTIN TX 78701

const_claims@texasattorneygeneral.gov

OnThis the 15th day of April 2015
*Date*

Joseph E. McClain, III
*Pro Se Litigant*

Case no. 07-15-00141-CV

Joseph E. McClain, III
*Appellant*

IN THE COURT OF APPEALS

7th DISTRICT OF TEXAS

V.

Dell, Inc., Seaton corp. d.b.a Staff Management, Michael golden, Edward Smith
*Appellees*

-------------------------------------------------------------------------------------------------
From the Third District Court of Appeals, case no. 03-15-00138-CV
and the126TH District Court  for Travis County,
Cause No. D-1-gn-1400-5063, Honorable Darlene Byrnes
-------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------
**APPELLANT'S MOTION FOR MANDATORY JUDICIAL NOTICE OF FACTS**

**--------------------------------------------------------------------------**
_____


Joseph E. McClain, III, Pro se
Austin, Texas, 78757
Homeless
josephmcclain2003@yahoo.com
*email*

APPELLANTS MOTION FOR MANDATORY NOTICE OF JUDICIAL FACTS

Pursuant to T.R.E. 201

   (b)   Kinds of Facts. --A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(d) When Mandatory -** A court shall take judicial notice if requested by a party and supplied with the necessary information.

1.        After failing to answer and appear at the plaintiff's hearing on December 23, 2014, Under Trial cause D-1-GN-1400-5063, Attorney Michael Golden filed an affidavit Alleging it supported grounds for finding the plaintiff a 'vexatious litigant.'  Under The T.R.C.P. 166(a)(h) 'Defects of affidavit.*' Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.* this is a fraudulent motion:   1)  based on the defendants opinion of character.

2.  Where the defendant's attorney Jason Boulette failed to provide the trial court with evidence only testimony T.C.P.R.C `Sec. 11.054.   CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:` Which the plaintiff had motioned the trial court recognize the defendants motion as a fraudulent claim along with the objections by the plaintiff February 03, 2015 Under the T.R.E. 404 Character Evidence, of the answer and motion filed on January 12, 2015. `(1)  the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:   (A)  finally determined adversely to the plaintiff;` **Dells Exhibit A-I, pgs. 2-33**

**Plaintiff's 3rd Amended Petition Was on record with the Texas Supreme Court case**

7

**#14-0246 'Petition for Mandamus' pg. 17, ¶8, Details the Trial Court having issued a judgment notice which the trial court identified the defendants as suspected of having committed Identity theft to obtain the judgment.**

(B)   permitted to remain pending at least two years without having been brought to trial or hearing; Defendants **Ex A_I pg 42, The date of April 25, 2013 Plaintiff's Motion for Sanctions had not met the deadline for having filed without following through .** or

(C)   determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;        Defendants **Ex A_I pgs. 54-55, The matter of the plaintiff's petition under trial cause D-1-GN-1400-0563 Plaintiff's Petition Under** `CHAPTER 12. LIABILITY RELATED TO A FRAUDULENT Claim/134.004 Theft Liability Act` **which  under the Texas Constitution art. 27 The right to redress grievances.**

(2)   after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A)   the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B)   the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; Defendants **Ex A_I pg. 63-67, The case was brought to Justice Court.  Where the defendants had filed a fraudulent claim failing to follow the T.R.C.P. 91a5.   Was filed in Civil Court.**

The defendants affidavit fails to provide honestly, any evidence which substantially or remotely qualifies as the criteria for vexatious litigation.

## B. ARGUMENTS AND AUTHORITIES

3. THE TEXAS CONSTITUTION ARTICLE 1. BILL OF RIGHTS That the general, great and essential principles of liberty and free government may be recognized and established, we declare:

4. Sec. 3a. EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative. *(Added Nov. 7, 1972.)*

5. Sec. 5. WITNESSES NOT DISQUALIFIED BY RELIGIOUS BELIEFS; OATHS AND AFFIRMATIONS. No person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief**, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury.**

6. Sec. 8. FREEDOM OF SPEECH AND PRESS; LIBEL. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. **And in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.**

7. Sec. 10. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger. *(Amended Nov. 5, 1918.)*

8. Sec. 16. BILLS OF ATTAINDER; EX POST FACTO OR RETROACTIVE LAWS; IMPAIRING OBLIGATION OF CONTRACTS. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

9. Sec. 27. RIGHT OF ASSEMBLY; PETITION FOR REDRESS OF GRIEVANCES. The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.

10. Sec. 28. SUSPENSION OF LAWS. No power of suspending laws in this State shall be exercised except by the Legislature.

11. Sec. 30. RIGHTS OF CRIME VICTIMS. (a) A crime victim has the following rights: (4) the right to restitution; *(Added Nov. 7, 1989.)*

12. Sec. 31. COMPENSATION TO VICTIMS OF CRIME FUND; COMPENSATION TO VICTIMS OF CRIME AUXILIARY FUND; USE OF FUND MONEY. (a) The compensation to victims of crime fund created by general law and the compensation to victims of crime auxiliary fund created by general law are each a separate dedicated account in the general revenue fund.(b) Except as provided by Subsection (c) of this section and subject to legislative appropriation, money deposited to the credit of the compensation to victims of crime fund or the compensation to victims of crime auxiliary fund from any source may be expended as provided by law only for delivering or funding victim-related compensation, services, or assistance.(c) The legislature may provide by law that money in the compensation to victims of crime fund or in the compensation to victims of crime auxiliary fund may be expended for the purpose of assisting victims of episodes of mass violence if other money appropriated for emergency assistance is depleted. *(Added Nov. 4, 1997.) Court of Appeals of Texas,Dallas. Eric DRAKE, Appellant v. Alice ANDREWS, Appellee. No. 05-07-01576-CV. Decided: August 17, 2009*

13. Our inquiry is a question of statutory construction, a legal question we review de novo. City of Rockwall v. Hughes, 246 S.W.3d 621, 625 (Tex.2008). Our goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute itself. Tex. Parks & Wildlife Dep't v. Shumake, 199 S.W.3d 279, 284 (Tex.2006). Accordingly, we look first to Chapter 11 itself to determine whether the Legislature's concern was limited to pro se litigants.

14. For our purposes, the key provision in the scheme is "Criteria for Finding Plaintiff a Vexatious Litigant":

15. Tex. Civ. Prac. & Rem.Code § 11.054.4 The section details a two-step process. First, in every instance, the judge must conclude there is no reasonable probability the plaintiff will prevail in his litigation against the defendant. Second, the judge must determine the plaintiff has a history of pro se litigation that is addressed by the statute or has been declared a vexatious litigant. The applicable subsection in this case requires the plaintiff to have brought pro se, in the last seven years, at least five suits that have been determined against him. See id. § 11.054(1).

16. Drake relies on this Court's opinion in Ramirez v. Encore Wire Corp., 196 S.W.3d 469, 478 (Tex.App.-Dallas 2006, no pet.) Id. at 478. We conclude the reach of the vexatious litigation statute was not at issue in Ramirez and the statement is merely dicta. Likewise, we are not bound by the

10

opinions of other courts of appeal suggesting Chapter 11 is limited in its application to pro se plaintiffs.

## C. Declaring a Plaintiff a Vexatious Litigant

17. In his second issue, Drake contends the trial court erroneously dismissed his lawsuit because Andrews failed to establish there is not a reasonable probability that he would prevail in the litigation against her. On this issue, we agree with Drake.

18. We review the trial court's determination that Drake was a vexatious litigant under an abuse of discretion standard. Harris, 204 S.W.3d at 905. The defendant seeking a vexatious litigant declaration bears the burden of establishing both prongs of section 11.054's test. Tex. Civ. Prac. & Rem.Code § 11.054 (court may find plaintiff vexatious "if the defendant shows" no reasonable probability of prevailing and one of three litigation histories).

19. But she offered no evidence showing why Drake could not prevail in this suit

20. We conclude Andrews failed to carry her burden to show there is no reasonable probability that Drake will prevail against Andrews. Thus, the trial court abused its discretion in declaring Drake a vexatious litigant and in dismissing his lawsuit. We sustain Drake's second issue.

## D. Conclusion

21. *We conclude Chapter 11 of the Texas Civil Practice and Remedies Code may apply to any plaintiff who satisfies its criteria, whether represented by an attorney or not. However, the trial court erred in its application of the statute in Drake's case. Given this conclusion, we do not reach Drake's remaining issues. We reverse the trial court's Order of Dismissal and remand this case for further proceedings consistent with this opinion.*

22. *Drake's issues ask: (1) whether the trial court erroneously dismissed his claims against the non-answering defendant, rather than entering a default judgment against her; (2) whether the trial court erroneously dismissed claims against Andrews, because she had not established a reasonable probability Drake would not prevail; (3) whether the trial court erroneously dismissed his claims, because the vexatious litigant statute did not apply to him in this suit; (4) whether the trial court erroneously denied a hearing on the dismissal motion; (5) whether the trial court erroneously signed the dismissal order without making findings under Chapter 11, and whether the dismissal was erroneously made with prejudice; and (6) whether the trial court erroneously refused to hold an evidentiary hearing on Drake's post-dismissal motions.*

## E. PRAYER

The plaintiff asks that the court will therefore recognize to its satisfaction the existence of the defendants Dell, Inc. and Seaton Corps., affidavit to be in bad faith where it is in the rights by law to petition and it is a criminal action to wrongfully interfere with this law by fraudulent representation to claim something of someone else for ones' own. Plaintiff seeks all damages one is entitled and relief in equity.

Respectfully submitted,

Joseph E. McClain, III
*Pro Se Litigant*
Austin, Texas, 78757
*Address*
josephmcclain2003@yahoo.com
*email*

11

CERTIFICATE OF SERVICE

I Joseph E. McClain, certify that I emailed/served a copy of this document 'APPELLANT'S MOTION FOR MANDATORY JUDICIAL NOTICE OF FACTS,' TO:

Michael J. Golden, attorney of record for Dell, Inc., at Defendants:
Dell, Inc., whose
Registered office is I Dell Way, Round rock, Texas 78682 Michael
S. Dell, Chairman of
The Board, Chief Executive Officer
Michael J. Golden/CO Boulette & Golden L.L.P.
280 I Via Fortuna, Suite 530
Austin, Texas 78746

mike@boulettegolden.com
(512) 732-8902(direct)(512) 732-8905(fax)

Seaton Corporation: %: Patrick Berhalle
860 W Evergreen Ave, Chicago, IL 60642
(3 12) 9 I5-0700

Cornell Smith Mierl Brutacao
1607 West Avenue Austin, Texas 7870 I PH.: P: 5 I2.334.2251
fax: 512.328.1541
tsmith@cornellsmith.com

Office of the Attorney General
Office of the Attorney General, Ken Paxton
209 14TH ST, W AUSTIN TX 78701
const_claims@texasattorneygeneral.gov

OnThis the 15th day of April 2015
*Date*

Joseph E. McClain, III
*Pro Se Litigant*

12

Case no. 07-15-00141-CV

Joseph E. McClain, III                                    IN THE COURT OF APPEALS

*Appellant*                                              7th DISTRICT OF TEXAS

v.

Dell, Inc., Seaton corp. d.b.a Staff Management, Michael golden, Edward Smith

*Appellees*

---------------------------------------------------------------------------------------

From the Third District Court of Appeals, case no. 03-15-00138-CV,
The 126TH District Court  for Travis County,
Cause No. D-1-gn-1400-5063, Honorable Darlene Byrnes

---------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------

PLAINTIFF'S 2nd AMENDED 'MOTION TO VACATE JUDGMENT/MOTION TO DISMISS JUDGMENT UNDER §6 FREEDOM OF EXPRESSION, THE CITIZENS PARTICIPATION ACT/T.C.R.P.C. CHAPTER 27. ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS'

**=======================================================================**

---------------------------------------------------------------------------------------

Joseph E. McClain, III, Pro se
Austin, Texas, 78757
Homeless
josephmcclain2003@yahoo.com
*email*

13

PLAINTIFF'S 2nd AMENDED 'MOTION TO VACATE JUDGMENT/MOTION TO DISMISS JUDGMENT UNDER §6 FREEDOM OF EXPRESSION, THE CITIZENS PARTICIPATION ACT/T.C.R.P.C. CHAPTER 27. ACTIONS INVOLVING THE EXERCISE OF CERTAIN
CONSTITUTIONAL RIGHTS'

1. The plaintiff, Joseph E. McClain, III asks the trial court to dismiss and/or vacate its judgment against him of the defendants Dell, Inc., Michael Golden and Seaton Corp., d.b.a. Staff Management having filed a motion alleging the plaintiff be declared a vexatious litigant based on the facts it is a fraudulent misrepresentation of the facts. in the above action based on 1) T.R.C.P. 166(a)(h) Affidavits made in bad faith, 2) Clerical Error/Judicial Error, where a hearing was held December 23, 2014, the defendants after having been served notice pursuant to T.R.C.P. 21(a) 'Method of service' failed to answer then failed to appear for hearing. The trial court stated, "It could not find notice of service on file, there was no record of notice of hearing." The Honorable Judge Orlinda Naranjo of the 419th District Court dismissed the hearing.

2. In the former, the defendants filed a defective affidavit and before The Honorable the Honorable Judge Amanda Byrne's on February 03, 2015 where the motion was a violation of the Texas constitution where pursuant to Art. 1. sec. 8 Freedom of Speech & press: Libel the defendants procured to deceive the court which it was the intent to have the rights allowed under 'Texas Constitution sec. 27 Right of Assembly; Petition for redres of grievances…….', denied of the plaintiff.

3. Under Texas Civil Rule Procedures 314. 'Confession of Judgment' Any person against whom a cause of action exists may, without process, appear in person or by attorney, and confess judgment therefor in open court as follows: (a) A petition shall be filed and the justness of the debt or cause of action be sworn to by the person in whose favor the judgment is confessed. (b) If the judgment is confessed by attorney, the power of attorney shall be filed and its contents be recited in the judgment. c) Every such judgment duly made shall operate as a release of all errors in the record thereof, but such judgment may be impeached for fraud or other equitable cause. Source: Art. 2225, unchanged. Oct. 29, 1940, eff. Sept. 1, 1941.

4. I understand that I am required to produce all evidence and support upon my hearing as proof for the cancellation of this judgment.

Respectfully submitted,

Joseph E. McClain, III
Austin, Texas, 78757
*City, State Zip Code*
josephmcclain2003@yahoo.com
*email*

CERTIFICATE OF SERVICE

I Joseph E. McClain, certify that I emailed/served a copy of this document
PLAINTIFF'S 2nd AMENDED 'MOTION TO VACATE JUDGMENT/MOTION TO
DISMISS JUDGMENT UNDER §6 FREEDOM OF EXPRESSION, THE CITIZENS
PARTICIPATION ACT/T.C.R.P.C. CHAPTER 27. ACTIONS INVOLVING THE EXERCISE
OF CERTAIN CONSTITUTIONAL RIGHTS,' TO:
Michael J. Golden, attorney of record for Dell, Inc., at Defendants: Dell, Inc., whose
Registered office is I Dell Way, Round rock, Texas 78682 Michael S. Dell, Chairman of
The Board, Chief Executive Officer
Michael J. Golden/CO Boulette & Golden L.L.P.
280 I Via Fortuna, Suite 530
Austin, Texas 78746

mike@boulettegolden.com
(512) 732-8902(direct)(512) 732-8905(fax)

Seaton Corporation: %: Patrick Berhalle
860 W Evergreen Ave, Chicago, IL 60642
(3 12) 9 I5-0700

Cornell Smith Mierl Brutacao
1607 West Avenue Austin, Texas 7870 I PH.: P: 5 I2.334.2251 fax: 512.328.1541
tsmith@cornellsmith.com

Office of the Attorney General
Office ofthe Attorney General, Ken Paxton
209 14TH ST,W AUSTIN TX 78701

const_claims@texasattorneygeneral.gov

On This the 15th day of April 2015
*Date*


Joseph E. McClain, III
*Pro Se Litigant*

Case no. 07-15-00141-CV

Joseph E. McClain, III                                    IN THE COURT OF APPEALS
Appellant

                                                           7th DISTRICT OF TEXAS

V.

Dell, Inc., Seaton corp. d.b.a Staff Management, Michael golden, Edward Smith
Appellees

-------------------------------------------------------------------------------------------------
From the Third District Court of Appeals, case no. 03-15-00138-CV
and the126TH District Court  for Travis County,
Cause No. D-1-gn-1400-5063, Honorable Darlene Byrnes
-------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------
PLAINTIFF'S 1ST AMENDED MOTION FOR INJUNCTIVE RELIEF
/MOTION FOR STAY OF JUDGMENT
-------------------------------------------------------------------------------------------------

Joseph E. McClain, III, Pro se
Austin, Texas, 78757
Homeless
 josephmcclain2003@yahoo.com
 email

Cause no. D-1-GN-14005063

Joseph E. McClain, III

*Petitioner/Plaintiff,*

IN THE COUNTY OF
TRAVIS STATE OF TEXAS

JUDICIAL DISTRICT COURT

V.

Dell, Inc., & Seaton Corp. d.b.a. Staff Management

Defendants

PLAINTIFF'S 1ST AMENDED MOTION FOR INJUNCTIVE RELIEF /MOTION FOR STAY OF JUDGMENT

1. Joseph E. McClain, III, Plaintiff, Travis County, Texas, 78757

2. Defendants, Dell, Inc., Michael S. Dell,Chairman of the Board 1 Dell Way, Round Rock, TX, United States 78682, and may be served with process Attorney: Michael Golden

2801 Vía Fortuna

Suite 530

Austin, TX 78746

Tel: (512) 732-8900,Fax: (512) 732-8905

Seaton Corp. d.b.a. Staff Management: Patrick Behrelle, CEO

860 West Evergreen Avenue

Chicago, IL 60642

Phone: 312-915-0700

Fax:312-915-0146 Fax Toll-free: 888-SEATONCORP

and may be served with process Attorney: Edward M. 'Ted' Smith,

1607 West Avenue Austin, Texas 78701

tsmith@cornellsmith.com

H.H. Judge Amy Clarke Meachum

● FAX: (512) 854-226

## B. JURISDICTION

3. Texas Penal Code § 35.04. JURISDICTION OF ATTORNEY GENERAL. (a) The attorney general may offer to an attorney representing the state in the prosecution of an offense under Section 35.02 the investigative, technical, and litigation assistance of the attorney general's office.

1

(b) The attorney general may prosecute or assist in the prosecution of an offense under Section 35.02 on the request of the attorney representing the state described by Subsection (a).

Added by Acts 1995, 74th Leg., ch. 621, § 1, eff. Sept. 1, 1995.

4. Under 18 U.S. code Sec. 1345 Injunctions against fraud (a)(1)(A)(1) If a person is—violating or about to violate this chapter or section 287, 371 (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof), or 1001 of this title; the Attorney General may commence a civil action in any Federal court to enjoin such violation.

5. DTPA Sec. 17.48. DUTY OF DISTRICT AND COUNTY ATTORNEY. (a) It is the duty of the district and county attorneys to lend to the consumer protection division any assistance requested in the commencement and prosecutions of action under this subchapter.

6. T.R.C.P.CSUBCHAPTER C. JURISDICTION OF PROCEEDINGS; VENUE Sec. 65.021. JURISDICTION OF PROCEEDING. (a) The judge of a district or county court in term or vacation shall hear and determine applications for writs of injunction.

(b) This section does not limit injunction jurisdiction granted by law to other courts.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 65.014. LIMITATIONS ON STAY OF EXECUTION OF JUDGMENT. (a) Except as provided by Subsection (b), an injunction to stay execution of a valid judgment may not be granted more than one year after the date on which the judgment was rendered unless:

(1) the application for the injunction has been delayed because of fraud or false promises of the plaintiff in the judgment practiced or made at the time of or after rendition of the judgment;

or (2) an equitable matter or defense arises after the CIVIL PRACTICE AND REMEDIES CODE Statute text rendered on: 4/4/2014 - 230 -rendition of the judgment.

(b) If the applicant for an injunction to stay execution of a judgment was absent from the state when the judgment was rendered and was unable to apply for the writ within one year after the date of rendition, the injunction may be granted at any time within two years after that date.

Acts 1985,69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

7. T.R.C.P.C Sec. 65.021. JURISDICTION OF PROCEEDING. (a) The judge of a district or county court in term or vacation shall hear and determine applications for writs of injunction.

(b) This section does not limit injunction jurisdiction granted by law to other courts. Acts 1985, 69th Leg., ch.959, Sec. 1, eff. Sept. 1, 1985.

8. TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT

Rule 8.05 Jurisdiction. (a)(2) 3.

(a) A lawyer is subject to the disciplinary authority of this state, if admitted to practice in this state or if specially admitted by a court of this state for a particular proceeding. In addition to being answerable for his or her conduct occurring in this state, any such lawyer also may be disciplined in this state for conduct occurring in another jurisdiction or resulting in lawyer discipline in another jurisdiction, if it is professional misconduct under Rule 8.04.

(2) a written solicitation communication that does not comply with these rules and that is mailed in another jurisdiction, even if the communication complies with the rules governing written solicitation communications by lawyers in that jurisdiction, if the communication is mailed to an addressee in this state or is intended to secure employment to be performed in this state.

3. If the rules of professional conduct of this state and that other jurisdiction differ, principles of conflict

of laws may apply. Similar problems can arise when a lawyer is licensed to practice in more than one jurisdiction and these jurisdictions impose conflicting obligations. A related problem arises with respect to practice before a federal tribunal, where the general authority of the state to regulate the practice of law must be reconciled with such authority as federal tribunals may have to regulate practice before them. In such cases, this state will not impose discipline for conduct arising in connection with the practice of law in another jurisdiction or resulting in lawyer discipline in another jurisdiction unless that conduct constitutes professional misconduct under Rule 8.04.

9. TEX BC. CODE ANN. § 17.46 : Texas Statutes - Section 17.46: DECEPTIVE TRADE PRACTICES UNLAWFUL

a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections

17.47, 17.58, 17.60, and 17.61 of this code. (c)(1) It is the intent of the legislature that in construing Subsection (a) of this section in suits brought under Section 17.47 of this subchapter the courts to the extent possible will be guided by Subsection (b) of this section and the interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C.A. Sec. 45(a)(1)].


## C. VENUE

12. Under TEX. CIV. PRAC.&REM. CODE ANN. § 15.002(a)(1), venue is proper because all or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Travis County; and 13. Under TEX. CIV. PRAC.&REM.CODE ANN. § 15.002(a)(2), venue is also proper in Travis County because Defendants were all doing business in the County of Travis at the time the cause of action accrued; and 14. Under the DTPA §17.47(b), venue is proper because plaintiff, resides in Travis County; and 15. Under the DTPA §17.47(b), venue is proper because many of the allegations complained of herein occurred in Travis County.

16. TEX CP. CODE ANN. § 15.012 : Texas Statutes - Section 15.012: INJUNCTION AGAINST SUIT Actions to stay proceedings in a suit shall be brought in the county in which the suit is pending. Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

17. TEX CP. CODE ANN. § 15.013 : Texas Statutes - Section 15.013: INJUNCTION AGAINST EXECUTION OF JUDGMENT Actions to restrain execution of a judgment based on invalidity

18. § 65.045. CONFLICT WITH TEXAS RULES OF CIVIL PROCEDURE. (a) To the extent that this subchapter conflicts with the Texas Rules of Civil Procedure, this subchapter controls. (b) Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this subchapter. (c)

The district courts and statutory county courts in a county may not adopt local rules in conflict with this subchapter.

*Added by Acts 1989, 71st Leg., ch. 391, § 1, eff. Aug. 28, 1989.*

## D. Facts

20. Plaintiff is now and at all times the consumer which as the signer of the continuous employment agreement and employment agreement in reference to trial cause D-1GN-13000-356 having initiated the petition on facts the defendants in a conspiracy stole the original 'employee agreement' by means of identity theft where they had alleged 'plaintiff failed to return to work and he'd terminated.' Where an employment agreement is a contract unless the recipient terminates the acceptance of the offer not later than the end of the time period, the offeror shall send notice to the recipient, at least two weeks before debiting any account, of the recipient 's obligation to terminate the recipient 's acceptance of the offer. Where the contract had never been canceled, plaintiff was never paid for the outstanding balance due from the client's Dell's repudiation of service brought about by Staff Managements breach of duty.

21. Treble damages are allowed due to the violation of statute 17.D.T.P.A 17.50(b) and B. & C.C. 521.051 Fraudulent use of Personal Identifying Information. Third party damages are allowed from the defendant's breach of contract under Labor code ch. 91 sec. 91.032 contract requirements. Labor code ch. 417 sec 417.001 Third Party damages for liability. Unconscionability, Occ. Code 2501.101(a) (5), Mental anguish and Intentional infliction. As a consumer, the plaintiff's petition was stolen by the defendants filing a fraudulent claim. The claim fraudulent due to the fact the defendants know for a fact the plaintiff has a employment agreement & continuous employment agreement & they never provided any work after repudiation of service, when Dell's agents violated Occ. code 2501.101(a)( 5) procure or attempt to procure the discharge of a person from the person's current employment; (b) An employer or a person seeking employment may not: (1) make a false statement or conceal any material fact to obtain an employee or employment by or through a personnel service; whereby Staff Management admits to terminating the plaintiff when Dell's agent as employee delegated to Staff Management to notify the plaintiff's vendor Genesis Network Ent. The allegations of not having returned from lunch on January 31, 2011 being the reason they terminated his contract when factually they repudiated a service committed agency and hired the plaintiff in violation of USC 1028a Aggravated Identity Theft Subsec. (c)(4) 18 U.S. Code § 664 - Theft or embezzlement from employee benefit plan. Code 2501.101(a)(6) induce, solicit, or attempt to induce or solicit an employee to terminate current employment in order to obtain new employment if the current employment was obtained through that personnel service or a personnel service that has a common ownership with that personnel service unless the employee initiates the new contact; (b) An employer or a person seeking employment may not:

(1) make a false statement or conceal any material fact to obtain an employee or employment by or through a personnel service;

Whereby Staff Management, under UCC ch.3 Sec. 3.405 Responsible party, It is on record which the plaintiff has filed motions for Judicial Notice presenting the evidence admits Dell as the plaintiff's employer had delegated to Staff Management to terminate the plaintiff which under the terms of the employment where an implied contract existed, Dell's agent hired the

20

plaintiff, was a criminal violation, which termination was against public policy where under

Negligent hiring a person cannot be fired for refusing to commit a felony. Use of the access code is a violation under 18 U.S. Code § 1029 - Fraud and related activity in connection with access devices. Therefore, the defendants breached the contract by terminating the plaintiff. Where failing to notify Staff Management it is negligence they had committed agency having hired the plaintiff, and failed to notify of the error which was admittedly the responsibility of Staff Management which under UCC ch.3 sec. 3.407 Alterations where it is a conspiracy under T.P.C. 15.03 Conspiracy against the rights of the plaintiff by which they had intentionally denied the existence of a duty to pay the plaintiff which under Labor code ch. 91 sec 91.032(a)(1)(b)(1) it is a breach of contract.

22. Defendant's Dell and Staff Management are now and at all times mentioned in this complaint has been, responsible for conspiracy on three different counts of violation of 521.051 fraudulent Use of Personal Identifying information where the plaintiff was subject to being hired by a third party Genesis Network Ent,. Who is employed by Staff Management who is in a contractual relationship under labor code ch. 91 Professional employers agreement with Dell as the Client.

23. On or about July 22, 2012 continuing to the present, defendants have wrongfully obtained judgments twice by violating Bus. & C.C. 521 051 Fraudulent Use of Personal Identifying Information where a Motion for Summary Judgment is used the defendant s Element 1 - Knowingly used personal identifying information of another person, which this information was precluded based on the fact it was from the use of and transference of 'Production' saying,

24. April 04, 2013 Plaintiff was notified of the defendant's Motion for Summary Judgment citing res judicata/Motion to dismiss under T.r.C.P..91a Lack of Evidence under trial cause D-1GN-13000-356 . Where it is a violation under T.C.R.P.C. Ch 12 Liability for Fraudulent Claims the defendants were awarded attorney's fees on May 07, 2013 after on or about Jan 28, 2013 plaintiff filed a petition for D.T.P.A. violations, B. & C..C. 521051 Fraudulent Use of Personal Identifying Information, UCC 3.420 conversion T.P.C. 31.03 Theft, Occ. code 2501.1010 prohibited practices. Plaintiff had served a Motion for Mandatory Judicial Notice of Verifiable facts/Request to Reconsider where conditions needed to be precedent for which a judgment was requested to be changed where the trial court had failed to recognize the existence of a violation under B &C.C. 521.052 Mishandling Sensitive Information under trial cause D-1GN-13000-356 as grounds for Declaratory Judgment. It is a violation Under T.P.C. 42.05 Interfering with a Meeting, and where the T.R.C.P. 'Dismissal Cumulative' the trial court's decision was erroneous where T.R.C.P. 91a5, 91a6 rule 59 identifies "the amended pleading shall not be deemed defective for the lack of allegations." The defendants failed to amend their motion.

25. On April 18, 2013 & presently, plaintiff has demanded the defendant refrain from committing the above acts including abuse of process having filed an injunction discovery had

21

not yet been met at the time of dismissal, but not without regards to their motion having added charges from Trial cause D-1-GN-1200-2498 Applicants Request he be Declared a victim of Identity Theft." The charges for which they had unlawfully obtained judgment under trial cause D-1-GN-1100-2276. At a hearing On April 18, 2013 H.H. Amy meachum of the 201st Judicial District Of Travis County Texas presided had been the only court to hear the charges for Injunctive relief/Motion for temp. inj. Relief.

26. As a result of defendants acts, plaintiff has sustained personal injury in that a loss of income, earning capacity, loss of enjoyment of life, and entitlement to third party damages. Facts and circumstances showing that acts constitute nuisance, loss of contracts, deprivation of civil/constitutional rights under US Constitution 5th and 14th amendments.

## E. GROUND'S FOR STAY OF JUDGMENT

27. Where the plaintiff's 'amended motion for temporary injunction' was heard and named 'a violation of Bus. & Comm. Code 521.102 Applicants request he be declared a Victim of Identity theft' and 'abuse of process' and sought inj. Relief, discovery had not been met. Under T.R.C.P.67 'When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.' Under Texas Penal code Sec. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE. (a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

The trial Court under the Honorable Judge Amy Meachum of the 201st Judicial District Court had failed to enter a judgment T.C.P.R.C § 5.001. RULE OF DECISION. The rule of decision in this state consists of those portions of the common law of England that are not inconsistent with the constitution or the laws of this state, the constitution of this state, and the laws of this state. Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. & under 42 U.S.C. § 1983 : US Code - Section 1983: Civil action for deprivation of rights - See more at: http://codes.lp.findlaw.com/uscode/42/21/I/1983 injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

28. On May 07, 2013 " made possible only because the wrong doer is clothed with then authority of state law," possessed by virtue of state law, the trial Court dismissed the plaintiff's motion, citing under T.R.C.P. 91a Lack of Evidence, awarded the defendant's attorney's fees. Having interfered with a meeting.

29. Under the Texas constitution Art. 1 Sec. 28Sec. 28. SUSPENSION OF LAWS. No power of suspending laws in this State shall be exercised except by the Legislature. This is not consistent where T.R.E. 101(b)Scope (b) Scope. Except as otherwise provided by statute, these rules govern civil and criminal proceedings (including examining trials before

magistrates) in all courts of Texas, except small claims courts.

RULE 107. RULE OF OPTIONAL COMPLETENESS
When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions.
'Under T.R.C.P. 91a9 Dismissal Cumulative,'This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.
T.R.C.P. 91a5, Defendants failed to amend their motion, under T.R.C.P. 91a6 as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59. T.R.C.P 59 pleadings and Exhibits" Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit.
The plaintiff worded a Motion for Judicial Notice of Adjudicative Facts at the hearing and was included in the body of the answer of 'Non Movant's answer to Movant's Motion to dismiss,' where the trial court refused to make a judicial notice when the plaintiff informed the court of the facts preceding the judgment of the defendants "being in the process of violating T.P.C 38.12 Barratry Solicitation." The defendants failed to amend their motion, no nonsuit had been filed.

30.T.R.E.101 Title & SCOPE d) Special Rules of Applicability in Criminal Proceedings.
(1) Rules not applicable in certain proceedings. These rules, except with respect to privileges, do not apply in the following situations:
(A) the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104;
Whereby the plaintiff's petition had identified the contract as having been stolen as a violation of T.P.C. 31.03 Theft under UCC ch. 3 sec. 3.420 'Conversion' a motion for mandatory judicial notice of Adj. facts/Request to reconsider was before the court under H.H. Lora Livingston of the 261st Judicial District Court of Travis County Texas WHO allowed a hearing upon agreement
of parties by which pursuant to T.R.E. 1008 'Duties of Court and Jury' where conditions were precedent it was necessary so that a determination of questions of fact preliminary to admissibility of evidence when the issue was to be determined by the court under Rule 104.

31. Defendants failed to appear. Plaintiff, motions the trial Court under the Honorable Judge Lora Livingston of the 261st judicial District court of Travis County Texas grant a stay of judgment pursuant to Texas Civil Practice & Remedies Code - Section 65.014. LIMITATIONS

ON STAY OF EXECUTION OF JUDGMENT. (a) Except as provided by Subsection (b), an injunction to
stay execution of a valid judgment may not be granted more than one year after the date on which the judgment was rendered unless:
(1) the application of the plaintiff for the injunction has been delayed because of fraud or false promises in the  judgment practiced or made at the time of or after rendition of the judgment; or
(2) an equitable matter or defense arises after the rendition of the judgment.

32. Where on the grounds that The Honorable Judge Amy Meachum under violation of USC Title 42 sec.1983 'Civil Action for Deprivation of Rights' by violation of USC 241 Conspiracy against the Rights of an Ind. And USC 242 Deprivation of Rights under the Color of law'
and for having awarded the defendants attorney's fees violation under USC 371 'Conspiracy to defraud the US Government' The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . (A)ny conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operation and reports as fair, impartial and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.
Where declaratory relief was unavailable because of the conspiracy against the rights of the plaintiff, it is a violation under T.P.C. 37. § 37.10. TAMPERING WITH GOVERNMENTAL RECORD.
(a) A person commits an offense if he:
(1) knowingly makes a false entry in, or false alteration of, a governmental record;
(2) makes, presents, or uses any record, document, or thing with knowledge
of its falsity and with intent that it be taken as a genuine governmental record; where a Summary Judgment cannot be made without the testimony of the cause of action/admission of evidence is not allowed under T.R.C.p. 91a Sec. 37.05. RETRACTION. It is a defense to prosecution under Section 37.03 (Aggravated Perjury) that the actor retracted his false statement:
(1) before completion of the testimony at the official proceeding; and
(2) before it became manifest that the falsity of the statement would be exposed.
*Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994.*
 &/or in the alternative § 65.011. GROUNDS GENERALLY. A writ of injunction may be granted if:
(1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant;
(2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual;
(4) a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the real property subject to execution at the time of sale, irrespective

of any remedy at law; or (5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law. *Acts 1985, 69th Leg.,ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 167, § 3.17, eff. Sept. 1, 1987.*

*:*

33.The defendants Dell, in violation of T.P.C. 15.02 Solicitation hired its attorney Michael golden and Staff Management had hired attorney Edward Smith under T.P.C 15.03 Conspiracy breached their duty where under Texas Rules of Disciplinary Procedure 8.04 Misconduct, #1-6, 9, filed a fraudulent claim under T.C.R.P.C 12.002 § 12.002. LIABILITY. (a) A person may not make, present, or use a document or other record with:

(1) Knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; and abuse of process was committed violating T.C.R.P.C. ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS Sec. 27.002. PURPOSE. The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury. *Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.T.R.P.C. 134.003*

## F. ARGUMENT'S & AUTHORITIES

34. The trial Court's decision was not consistent with the T.R.E. The trial court's decision for which was an abuse of process violates the T.R.E. making grounds for under Title 42 U.S. Code § 1983 - Civil action for deprivation of rights where T.R.C.P. 91a9 91a.9 'Dismissal Procedure Cumulative.' This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

Comment to 2013 change: Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code, which was added in 2011 and calls for rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. A motion to dismiss filed under this rule must be ruled on by the court within 45 days unless the motion, pleading, or cause of action is withdrawn, amended, or nonsuited as specified in 91a.5. If an amended motion is filed in response to an amended cause of action in accordance with 91a.5(b), the court must rule on the motion within 45 days of the filing of the amended motion and the respondent must be given an opportunity to respond to the amended motion. The term "hearing" in the rule includes both submission and an oral hearing. Attorney fees awarded under 91a.7 are limited to those associated with challenged cause of action, including fees for preparing or responding to the motion to dismiss.

35. "Legislative acts, no matter what their form that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution. "United States v. Brown, 381 U.S. 301 U.S. 303, 66 S. Ct. 1073 (1946)

36. Alexander Hamilton wrote: "Nothing is more common than for a free people, in times of heat and violence, to gratify momentary passions, by letting into the government principles and precedents which afterwards prove fatal to themselves. Of this kind is the doctrine of disqualification, disfranchisement, and banishment by acts of the legislature. The dangerous consequences of this power are manifest. If the legislature can disfranchise any number of citizens at pleasure by general descriptions. "The Constitution outlaws this entire category of punitive measures The amount of punishment is material to the classification of a challenged statute. But punishment is prerequisite…."v. Lovett, 66 S. ct.1073, 1083 (1946)

37. "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it." State v. Sutton, 63 Minn. 147 65 NW 262 30 ALR 660. Also see (Watson v. Memphis, 375 US 526; 10 L Ed 529; 83 S.Ct. 1314)

38. "The deprivation of any rights, civil or political, the circumstances attending and the causes of the deprivation determining the fact. " U.S. . Lovett, 66 S. Ct. 1073, 1083, (1946)

39. Federal Rules of Civil Proced. PLEADINGS AND MOTIONS › Rule 15. Amended and Supplemental Pleadings A Barron & Holtzoff, Federal Practice & Procedure 820–21 (Wright ed. 1960).  Thus plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.
Under the amendment the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective. As in other situations where a supplemental pleading is offered, the court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms. The amendment does not attempt to deal with such questions as the relation of the statute of limitations to supplemental pleadings, the operation of the doctrine of laches, or the availability of other defenses. All these questions are for decision in accordance with the principles applicable to supplemental pleadings generally. Cf. Blau v. Lamb, 191 F.Supp. 906 (S.D.N.Y. 1961)

40. T.R.C.P RULE 67. TRIAL AMENDMENT RULE 67. AMENDMENTS TO CONFORM TO ISSUES TRIED WITHOUT OBJECTION
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.

41. Graham, 473 U.S. at 165-66 (quoting Monell , 436 U.S. 658, 690 n.55). To establish personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166. By contrast, an official capacity suit requires proof that a policy or custom of the governmental entity was the moving force behind the violation of federal law. Id.

42. Texas CIVIL PRACTICE AND REMEDIES CODE TITLE 2. TRIAL, JUDGMENT, AND APPEAL SUBTITLE B. TRIAL MATTERS CHAPTER 27. ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS Sec. 27.002. PURPOSE. The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury. Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

43. United States v. White, 769 F.2d 511, 515 (8th Cir. 1985) ("When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose.");

44. United States v. Shafer, 2005 WL 1324851 (W.D. Mo. 2005); Minnesota ex rel. Hatch v. Sunbelt Communications, 282 F. Supp 2d. 976, 979 (D. Minn. 2002); see also United States v. Estate Pres. Serv., 202 F.3d 1093, 1098 (9th Cir. 2000) (noting that traditional requirements for injunctive relief need not be satisfied where injunction is expressly authorized by statute),

45. See 470 U.S. 1050 (1985) United States v. Ernst & Whinney, 735 F.2d 1296, 1301 (11th Cir. 1984), cert.denied, (traditional equitable grounds need to be shown for an injunction pursuant to § 7402 only). 58 26 U.S.C. § 7407(b). 59 Id. § 6694(a).

46. T.C.R.P.C Chapter 12 Liability Related To A Fraudulent Court Record Or A Fraudulent Lien Or Fraudulent claim Filed Against Real Or Personal Property § Sec. 12.002. LIABILITY. (a) A person may not make, present, or use a document or other record with:(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and(3) intent to cause another person to suffer:(A) physical injury;(B) financial injury; or(C) mental anguish or emotional distress.(a-1) Except as provided by Subsection (a-2), a person may not file an abstract of a judgment or an instrument

27

concerning real or personal property with a court or county clerk, or a financing statement with a filing office, if the person:(1) is an inmate; or(2) is not licensed or regulated under Title 11, Insurance Code, and is filing on behalf of another person who the person knows is an inmate.(a-2) by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury. Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.T.R.P.C. 134.003


## G. PRAYER

WHEREFORE, plaintiff prays that this Court promptly grants this injunction for which the plaintiff sought injunctive relief and stay of judgment from which he may proceed with his default judgment pursuant to T.R.C.P 503, AND ALL OTHER RELIEF IN EQUITY.

Respectfully Submitted,


Joseph E. McClain, III
Pro Se Litigant
josephmcclain2003@yahoo.com
email
HOMELESS Austin, Texas, 78757

CERTIFICATE OF SERVICE

I Joseph E. McClain, certify that I emailed/served a copy of this document
'PLAINTIFF'S 1ST AMENDED MOTION FOR INJUNCTIVE RELIEF /MOTION FOR
STAY OF JUDGMENT,' TO:
Michael J. Golden, attorney of record for Dell, Inc., at Defendants: Dell, Inc., whose
Registered office is I Dell Way, Round rock, Texas 78682 Michael S. Dell, Chairman of
The Board, Chief Executive Officer
Michael J. Golden/CO Boulette & Golden L.L.P.
280 I Via Fortuna, Suite 530
Austin, Texas 78746

mike@boulettegolden.com
(512) 732-8902(direct)(512) 732-8905(fax)

Seaton Corporation: %: Patrick Berhalle
860 W Evergreen Ave, Chicago, IL 60642
(3 12) 9 I5-0700

Cornell Smith Mierl Brutacao
1607 West Avenue Austin, Texas 7870 I PH.: P: 5 I2.334.2251 fax: 512.328.1541
tsmith@cornellsmith.com

Office of the Attorney General
Office ofthe Attorney General, Ken Paxton
209 14TH ST,W AUSTIN TX 78701

const_claims@texasattorneygeneral.gov

On This the 15th day of April 2015
*Date*

Joseph E. McClain, III
*Pro Se Litigant*